Stanley L. ZIMMERMAN, Plaintiff
and Appellant,

v.

May CAMPBELL, Defendant
and Appellee.

Civ. No. 9197.

Supreme Court of North Dakota.

Aug. 24, 1976.

Tenneson, Serkland, Lundberg & Erickson, Fargo, for appellant; argued by Lowell W. Lundberg, Fargo.

Wegner, Fraase & Cooke, Fargo, for appellee; argued by Mark R. Fraase, Fargo.

PEDERSON, Justice.

This is an appeal from a judgment denying specific performance of a contract to convey land. The case was tried to the district court of Cass County without a jury and, applying Rule 52(a), N.D.R.Civ.P., we affirm the judgment.

May Campbell signed a listing agreement with a real estate broker (Lein) at the urg-

ing of an insurance agent (Nelson). Later, at the urging of Lein and Nelson, she reluctantly signed an agreement to sell her farm to Stanley Zimmerman. Within a matter of hours, she disclosed her intent to not sell. New offers were made by Zimmerman through Lein and Nelson, which May Campbell rejected. Zimmerman then sued to compel her to perform the sales agreement. Her principal defense was that Lein and Nelson acted as agents of Zimmerman in obtaining her signature on the sales agreement "by misrepresentation, concealment, circumvention, and unfair practice."

Zimmerman says that the only issue is one of law—that he should be awarded an order compelling May Campbell to convey the farm to him in accordance with the sales agreement. Because we do not make a de novo review, we treat this as a challenge of the conclusion of law which stated that May Campbell is entitled to a dismissal of the complaint. Zimmerman did not identify them as issues but his argument was critical of certain items in the findings of fact.[1]

We find his argument to be critical of findings of fact numbered V, XIII, and XIV, which state:

"V.

"May Campbell agreed to list the property with the understanding that Lein [the real estate broker] would be the one to represent her. She received the erroneous impression from her conversation with Mr. Nelson [an apparent spokesman for Lein] that she would have 90 days to decide whether or not to sell after receiving an offer."

"XIII.

"The interest rate of seven percent per annum on the unpaid principal balance

recited in the Purchase Offer is patently insufficient. This bargain interest rate would have penalized the Defendant and enriched the Plaintiff in thousands of dollars over the proposed life of the contract. The presence of this unfair provision tarnished the whole contract."

"XIV.

"The real estate broker failed to safeguard Defendant's interests and the broker and the broker's extra legal salesman wound up leagued with the Plaintiff against her."

Even though the appendix contained no excerpts from the testimony covering these three fact issues, we nevertheless have searched the transcript in order to determine whether the findings are clearly erroneous under Rule 52(a), N.D.R.Civ.P.

■ Concerning finding # V, Zimmerman says that May Campbell's erroneous impression was caused by her own mistake or by the acts of her agents and, under the holding in *Watson v. Kresse*, 130 N.W.2d 602 (N.D.1964), only mistakes caused by the plaintiff can be relied upon by a defendant as a defense in an action for specific performance. *Watson* was only stating a rule of equity and cannot be interpreted as preventing a defendant from relying upon the defense that the mistakes were caused by defendant's agents leagued with the plaintiff. There was substantial testimony from which it could be concluded: (1) that Lein and Nelson did not act in May Campbell's best interest but in the interests of Zimmerman; (2) that Lein and Nelson improperly created an impression that, because May Campbell had signed a listing agreement, she was obligated to sign a sales agreement; (3) that the terms of the sales agreement substantially differed from the terms

---

1. It might be well that we reiterate what we have previously said about a better practice for defining issues in 52(a) appeals:

> "It would be a reasonable interpretation of Rules 10, 28, and 30, N.D.R.App.P., that an appellant's brief or appendix should specify the issues explicitly enough so that a de novo review is not necessary to a consideration of those issues. When the only review available is pursuant to Rule 52(a), N.D.R.Civ.P.,

lawyers should consider the advisability of pointing the issues at specific findings or the lack of a necessary specific finding." Footnote in *Sorenson v. Olson*, 235 N.W.2d 892, 895 (N.D.1975).

For other suggestions see, *Suggestions on Appellate Procedure and Advocacy*, by Justice Robert Vogel, presented at State Bar Association Convention, Bismarck, North Dakota, June 16–18, 1976.

of the listing agreement; and (4) that Lein and Nelson acted as agents of Zimmerman in submitting new offers which were never accepted by May Campbell. Finding # V is not clearly erroneous.

With regard to finding # XIII, Zimmerman argues that seven percent interest is reasonable, that the court should not have taken judicial notice of commercial bank loan rates, and that May Campbell's own testimony is that she had no objection to that interest rate. We find no testimony which would support the finding that seven percent interest is patently insufficient. The record does not show that the court had taken judicial notice of any matter relating to interest. The most critical testimony on the subject indicated that the "going rate" of interest on contracts for deed is between seven and eight percent. We conclude that finding # XIII is clearly erroneous.

As to finding # XIV, Zimmerman's comments are merely that Nelson and Lein were May Campbell's agents and were not leagued against her. There was evidence supporting the finding and there has been no showing that it is clearly erroneous.

█ Even though we have concluded that the finding that the interest rate of seven percent is patently insufficient is clearly erroneous, reversal of the judgment is not warranted in this case where there are other substantiated findings of unfairness which justify the trial court's decision.

In *Sand v. Red River Nat. Bank & Trust Company*, 224 N.W.2d 375 (N.D.1974), at syllabus 1, this court held:

"The granting of specific performance of a contract rests in the sound discretion of the court. Specific performance may be denied if the contract is not found to be fair, reasonable and based on adequate consideration, particularly where there is evidence of undue influence."

█ Specific performance, an equitable remedy, is neither a matter of grace nor of absolute right. May Campbell raised equitable defenses recognizable under the provisions of Section 32-04-13, North Dakota Century Code. Where the court exercised its discretion after weighing the equities of the case, we do not interfere in the absence of a showing that discretion was abused. We do not substitute our judgment for that of the court. Zimmerman is not entitled to specific performance as a matter of law.

█ Where the overall facts indicate unfairness, artifice, sharp practice, overreaching, or the like, the court of equity, in its determination, will apply sound judicial discretion within the established principles which constitute the body of equity jurisprudence. See, Principles Which Govern Specific Performance, 11 Williston on Contracts, 3d ed., Section 1418.

The judgment of dismissal is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.