**Duane M. CLEMENT, Plaintiff and Appellee,**

v.

**Mary M. CLEMENT, Defendant and Appellant.**

**Civ. No. 10180.**

Supreme Court of North Dakota.

Oct. 22, 1982.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for plaintiff and appellee; argued by James R. Jungroth, Jamestown.

Daniel E. Buchanan, Jamestown, for defendant and appellant.

PEDERSON, Justice.

When Mary Clement remarried after she and Duane were divorced, the trial court, upon a motion by Duane, amended the judgment by eliminating Duane's obligation to pay Mary alimony of $500 per month. Mary appealed from the amended judgment, contending that alimony, in this case, was a part of a property settlement agreement and, therefore, could not be modified by the court, pursuant to § 14–05–24, NDCC. We do not agree. The amended judgment is affirmed.

■ At least since 1973 this court has been saying that when a motion necessitates the resolution of conflicting evidence, the proceeding is "an action tried upon the facts," making Rule 52(a), NDRCivP, applicable. See, *e.g.*, *Voth v. Voth,* 305 N.W.2d 656, 658 (N.D.1981), and cases cited therein. We repeat that which we have often said— findings of fact are adequate when they provide us with a clear understanding of the basis of the trial court's decision. See, *e.g.*, *Vetter v. Vetter,* 267 N.W.2d 790, 794–95 (N.D.1978), and *Ellendale Farmers Union Cooperative Ass'n v. Davis,* 219 N.W.2d 829, 836 (N.D.1974).

In this case there are no documents labeled "findings of fact" or even "memorandum decision," but there is an "order amending judgment," which contains the following:

"The Court having taken the testimony of the Plaintiff herein and examined the affidavits and exhibits and being fully advised in the premises hereby *determines* that the alimony awarded herein was not in the nature of a property settlement but was in fact support. The Court further *finds* that the Defendant herein has remarried and that no extraordinary circumstances exist to continue the alimony awarded to the Defendant from the Plaintiff." [Emphasis added.]

We have not sanctioned avoidance of the requirements of Rule 52(a), NDRCivP, but we have, in the interest of judicial economy, affirmed judgments based upon mislabeled findings (*Jahner v. Jacob,* 233 N.W.2d 791, 798 (N.D.1975)), and have said that a transcribed oral opinion may be the source of findings (*Soby Const., Inc. v. Skjonsby Truck Line,* 275 N.W.2d 336, 341 (N.D. 1979)); and, of course, the rule itself says that "it will be sufficient" if the findings of fact appear in an opinion or memorandum of decision that is filed. Many times since the elimination of trial de novo by the repeal of § 28–27–32, NDCC (Ch. 311, S.L. 1971), we have emphasized that findings of fact now play a much more significant role than formerly. Findings of fact by a trial court are presumed to be correct. *Alumni Ass'n of Univ. v. Hart Agency, Inc.,* 283 N.W.2d 119, 121 (N.D.1979).

When Duane sought the amendment to the divorce decree, three fact issues arose:

(1) Has there been a change of conditions that justify reconsideration? See § 14–05–25, NDCC, and *Smith v. Smith,* 71 N.D. 110, 299 N.W. 693 (1941).

(2) Was the term "alimony" used in the settlement agreement as a part of a property division or as an allowance for support? See § 14–05–24, NDCC, and *Becker v. Becker,* 262 N.W.2d 478, 484 (N.D.1978), at footnote 6.

(3) Are there extraordinary circumstances which warrant continued support payments by Duane to Mary even though she is now married to someone else? See § 14–05–24, NDCC, and *Nugent v. Nugent,* 152 N.W.2d 323, 327 (N.D.1967).

■ Before addressing the court's disposition of the fact issues, we must determine if the terms of the parties' agreement represented an integrated contract which could not be subsequently modified by the court. When parties adopt a writing intended to be the final and complete expression of their agreement, the writing is said to be integrated. Restatement (Second) of Contracts § 209 (1977). An integrated property settlement agreement incorporated into a divorce decree is not modifiable if it is intended to "adjust finally all the property rights of the parties." *Peterson v. Peterson,* 313 N.W.2d 743, 745 (N.D.1981); *Sinkler v. Sinkler,* 49 N.D. 1144, 194 N.W. 817 (1923). See also *Eberhart v. Eberhart,* 301 N.W.2d 137, 144 (N.D.1981) (Sand, J., concurring specially). We have stated that "[t]he major consideration should be to effectuate the parties' intentions." *Peterson, supra,* 313 N.W.2d at 745. We consider factors such as whether or not the parties employed competent attorneys, negotiated with the express intention to finally adjust their property rights, and agreed to be bound by the terms of their agreement. *Peterson, supra.* It is not evident in this case that the parties intended the agreement with respect to alimony to have any

bearing on the final division of their properties.

 The trial court's answers to the fact issues before it are clear and forthright. They should have been labeled "findings of fact," but it would be a matter of pro forma for this court to remand for appropriate labeling. Our scope of review is limited by Rule 52(a), NDRCivP. There is substantial support for each of the findings (*City of Hazelton v. Daugherty,* 275 N.W.2d 624 (N.D.1979)); we are not permitted to make a trial de novo (§ 28–27–32, NDCC), or substitute our judgment for that of the trial court (*Nastrom v. Nastrom,* 284 N.W.2d 576, 585 (N.D.1979)); we are not convinced that the findings are based upon an erroneous view of the law (*Stee v. "L" Monte Industries, Inc.,* 247 N.W.2d 641, 644 (N.D.1976)); and after reviewing the entire evidence, we are not left with a definite and firm conviction that a mistake has been made (*Filler v. City of Minot,* 281 N.W.2d 237, 242 (N.D.1979)).

The "findings of fact" are not clearly erroneous, the conclusions of law are supported by the findings, and, even though the final document is labeled "order," we construe it to be a final judgment—as, is apparent, the parties have done.

The other questions posed in Mary's argument are not dispositive of this appeal and, as this court said in *Hospital Services v. Brooks,* 229 N.W.2d 69 (N.D.1975), questions, the answers to which are not necessary to determination of the case, need not be considered.

The order (judgment) amending the judgment is affirmed.

ERICKSTAD, C.J., VANDE WALLE and SAND, JJ., and MICHAEL O. McGUIRE, District Judge, concur.

McGUIRE, District Judge, sitting in place of PAULSON, J., disqualified.