Leo A. WOLF and Amelia Wolf,
Plaintiffs and Appellants,

v.

Donald M. ANDERSON, Steven A. Herman, Royhl B. Ebert, Greg Holverson and Roger Ledebuhr, d/b/a Quint Investment Group, a co-partnership; and Erwin H. Ledebuhr and Evelyn P. Ledebuhr, Defendants and Appellees.

Civ. No. 10241.

Supreme Court of North Dakota.

May 26, 1983.

Daniel J. Chapman (argued), of Chapman & Chapman, Bismarck, for plaintiffs and appellants Leo A. Wolf and Amelia Wolf.

Ross Espeseth (argued), of Rosenberg, Evans, Moench & Baird, Bismarck, for defendants and appellees Donald M. Anderson, Steven A. Herman, Royhl B. Ebert and Greg Holverson.

Jack McDonald, Jr. (argued), of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendants and appellees Erwin H. Ledebuhr and Evelyn P. Ledebuhr.

PAULSON, Justice.

Leo A. Wolf and Amelia Wolf [the Wolfs] appeal from a judgment of the District Court of Burleigh County dated April 16, 1982, dismissing their suit for specific performance of a contract for deed. We affirm.

The Wolfs agreed in a written instrument dated April 28, 1977, to sell a parcel of property located in Bismarck to the Quint Investment Group, a copartnership consisting of Donald M. Anderson, Steven A. Herman, Royhl B. Ebert, Greg Halverson, and Roger Ledebuhr. A wood frame, one and one-half story, five-unit apartment building was located on the land. The contract for deed provides for a purchase price of $33,370.00, a down payment of $7,870.00, and payments of $300.00 per month at eight percent interest per annum. The agreement, signed by all of the parties, further provides that the "Sellers reserve the right to demand payment of the balance in full at any time upon notice of not less than twelve (12) months". The contract for deed also contains a separate default remedy provision, which states that upon default by the buyers the sellers may, at their option, by written notice declare the purchase price due, cancel and terminate the contract, and keep the payments already made by the buyers as liquidated damages for breach of the contract.

On February 27, 1978, Ebert transferred by quitclaim deed his interest in the property to the other four partners in the Quint Investment Group. On January 2, 1979, the remaining partners, also by quitclaim deed, transferred all of their interest in the property to Roger Ledebuhr. On January 12, 1979, Ledebuhr transferred his interest in the property by quitclaim deed to his parents, Erwin H. Ledebuhr and Evelyn P. Ledebuhr [the Ledebuhrs].

In January of 1979, the Wolfs, pursuant to the contract provision allowing the sellers to demand payment in full upon notice of not less than twelve months, demanded in writing the payment of the balance in full not later than January 28, 1980. The "Notice of Demand for Payment" was receipted for by Roger Ledebuhr's secretary on January 23, 1979.

Erwin and Evelyn Ledebuhr began making the monthly payments pursuant to the contract in February 1979. The Ledebuhrs continued making the monthly payments through October 1979. These payments were accepted by the Wolfs.

On October 4, 1979, the city of Bismarck condemned the building located on the property and ordered that it be demolished on or before January 10, 1980. The payments on the contract ceased in October 1979. On January 8, 1980, the Ledebuhrs filed an undated quitclaim deed transferring their interest in the property back to the Wolfs. This deed was signed and filed without the knowledge of the Wolfs.

In a complaint dated March 11, 1980, the Wolfs brought suit against the individual members of the Quint Investment Group and the Ledebuhrs seeking specific performance of the contract for deed, i.e., payment of the balance of $21,356.05, together

with interest at the rate of eight percent per annum.

Following the trial, the court issued a memorandum opinion in which it determined that the members of the Quint Investment Group should be dismissed as defendants because, despite a nonassignability clause in the contract for deed, the burden of the obligation of payment was ultimately transferred to the Ledebuhrs with the consent of the Wolfs. The court further determined that, in any event, the Wolfs' action should be dismissed because they had failed to prove that an action at law for damages would be an inadequate remedy.[1] A judgment of dismissal was entered on April 16, 1982. The Wolfs appeal from this judgment.

The Wolfs raise three issues in their appeal. However, we believe the following issue is dispositive of this appeal, making it unnecessary to reach the other issues:[2] whether or not the trial court erred in refusing to grant specific performance of the contract for deed where the buyers defaulted on the payments under the contract.

We initially note that the instant case is distinguishable from the factual situation present in *Jonmil, Inc. v. McMerty,* 265 N.W.2d 257 (N.D.1978). In *Jonmil* the plaintiff attempted to seek specific performance of a contract for deed requesting the purchase price of $60,000.00 with eight percent interest less payments already made. The contract for deed in *Jonmil* contained a default remedy provision essentially identical to the default remedy provision in the instant case. The plaintiff in *Jonmil,* before bringing suit, sent a letter to the defendant declaring him in default and electing to invoke the default remedy provision in the contract for deed. Our court determined that, technically, the plaintiff did not request specific performance of the basic contract in its prayer for relief, but, rather, sought relief under part of the default provision. We concluded in *Jonmil* that the plaintiff could not cancel the contract and at the same time sue for its specific performance.

In the instant case, the default remedy provision and the provision allowing the seller to demand payment of the balance in full at any time upon notice of not less than twelve months are separate and distinct. The Wolfs invoked the latter provision several months before the Ledebuhrs defaulted in making the monthly payments. The record reflects that there was no notice or declaration of default and demand for the purchase price due pursuant to the default remedy provision. Thus, this is not a case in which the Wolfs have canceled the contract for deed and at the same time sued for its specific performance.

The Wolfs therefore argue that the contract provision they invoked allowing them to demand payment in full at any time

---

1. Other reasons were given by the trial court for its refusal to grant specific performance in this case. The court determined that the granting of specific performance in this situation would violate the provisions of the antideficiency judgment statutes, §§ 32–19–06 and 32–19–07, N.D.C.C. The court also concluded that specific performance in a contract for deed situation should not be permitted because of the strong public policy in North Dakota for redemption.

2. The other two issues raised by the Wolfs are (1) whether or not the court's conclusion that a novation occurred so that the original vendees may be relieved of their obligations under the contract for deed for the purchase of land is clearly erroneous; and (2) whether or not specific performance of a contract for deed violates the provisions of law dealing with deficiency judgments.

In light of the fact that we affirm the district court's judgment on the ground that the Wolfs failed to show that their legal remedy would be inadequate, we do not reach these additional issues because "Questions, the answers to which are not necessary to the determination of a case, need not be considered." *Hospital Services v. Brooks,* 229 N.W.2d 69, 71 (N.D. 1975). *See also Clement v. Clement,* 325 N.W.2d 262, 264 (N.D.1982); *Tarpo v. Bowman Public Sch. Dist. No. 1,* 232 N.W.2d 67, 71 (N.D.1975).

For discussions of our antideficiency judgment statutes in related contexts, *see Langenes v. Bullinger,* 328 N.W.2d 241 (N.D.1982) and *Jonmil, Inc. v. McMerty,* 265 N.W.2d 257 (N.D. 1978).

upon notice of not less than twelve months, in and of itself alone, gives them an absolute right to demand specific performance of the contract. We do not agree.

Specific performance is not an absolute right, but is an equitable remedy, and, as such, equitable principles must be followed in its use. *Zimmerman v. Campbell,* 245 N.W.2d 469, 471 (N.D.1976). The granting of the remedy of specific performance rests in the sound discretion of the trial court and we will not interfere with that discretion unless we are shown that it was abused. *Zimmerman, supra; Sand v. Red River Nat. Bank & Trust Company,* 224 N.W.2d 375, 378 (N.D.1974). The person seeking specific performance has the burden of proving he is entitled to it. *Rohrich v. Kaplan,* 248 N.W.2d 801, 807 (N.D.1976). A complaint which requests the equitable remedy of specific performance must clearly show that the legal remedy of damages is inadequate. *Tower City Grain Co. v. Richman,* 232 N.W.2d 61, 66 (N.D.1975).

In the present case, the Wolfs' complaint gives no reasons why the legal remedy of damages would be inadequate. Furthermore, during the trial the Wolfs offered no evidence to establish this prerequisite to the granting of specific performance.[3] Rather, the Wolfs rely entirely on the existence of the contract provision allowing them to demand payment in full upon notice of not less than twelve months.

We agree with the trial court that this provision for payment is simply one of the several obligations between the parties. The provision constitutes a mode or manner of payment and the buyers' failure to meet that demand for payment resulted in nothing more than a breach of the contract. The contract provision did not, and could not, vest in the sellers the absolute right to demand and receive specific performance of the contract for deed. A vendor is not automatically entitled to specific performance as a matter of right or law. *See Jonmil, Inc. v. McMerty,* 265 N.W.2d 257, 259–260 (N.D.1978).

The Wolfs contend, however, that the requirement of "mutuality" under § 32–04–08 of the North Dakota Century Code would be lacking if the vendor may not also seek specific performance of the contract for deed. Our court has previously considered and rejected this proposition. In *Jonmil, supra* 265 N.W.2d at 259, we concluded that the statutorily required "obligation" may be either in the form of damages or specific performance, stating that "It is not necessary that both parties to a contract are entitled to the identical remedy of specific performance before one party is entitled to the remedy of specific performance."

We find nothing unique or special in these circumstances warranting the remedy of specific performance. In the instant case there is no indication that monetary damages will not adequately compensate the Wolfs. Although § 32–04–09, N.D.C.C., supports a buyer's right to specific performance on the ground that monetary damages

---

3. During oral arguments before this court the Wolfs took the position that the fact the property in question was condemned and the building was torn down is irrelevant in determining whether or not the trial court erred in this instance because they contend they have a "right" to choose the remedy of specific performance. However, in their brief, the Wolfs argue that specific performance "is uniquely applicable in this case because the property was condemned and the building was torn down, thus leaving the only value remaining to be the value of the lot".

In this regard, the trial court stated in its memorandum opinion as follows:

"There is some authority permitting a cause of action in a case such as is before the court. 71 Am.Jur.2d, *Specific Performance* § 115, and 81 C.J.S., *Specific Performance* § 77c. However, the court chooses to not follow that line, particularly when the evidence or stipulations show the vendors' property has not diminished in value when compared to the balance due and also when their remedy of foreclosure/cancellation and liquidated damages plus recovery of the property will place them in as good or better position than if the court were to order specific performance."

are presumed to be inadequate, no similar statutory presumption exists to support an action by the seller for specific performance. *Jonmil, supra.*

We do not hold that there is no case in which a vendor can obtain specific performance of a contract for the sale of real property. In the present case, however, the Wolfs have failed to meet their burden of proving that the legal remedy is inadequate. We accordingly conclude that the trial court did not abuse its discretion in refusing to grant specific performance in this case.

For the reasons stated in this opinion, the judgment of the district court is affirmed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.