L.W. WILLIAMSON and Mary Nancy Williamson, his wife, individually, and as attorney-in-fact for Luther Williamson, Plaintiffs and Appellees,

v.

John MAGNUSSON and Cornelius A. Metzger, Defendants and Appellants.

Civ. No. 10395.

Supreme Court of North Dakota.

July 14, 1983.

Robert Q. Price (argued), of Price & La-Qua, Langdon, for defendants and appellants.

Robert E. Dahl (argued), of Dahl, Greenagel, Currie, Geiger & Petersen, Grafton, for plaintiffs and appellees.

PAULSON, Justice.

This is an appeal by John Magnusson and Cornelius Metzger from a district court judgment that required Magnusson and Metzger to pay the balance due on a contract for deed entered into with L.W. Williamson and Mary Nancy Williamson. We reverse and remand.

The Williamsons own property in Langdon consisting of three lots and an old building. Magnusson, a real estate broker, and Metzger, a real estate salesman, wanted to purchase the property for the purpose of building condominiums upon it. The parties to this appeal signed a purchase agreement in September 1981, but it expired before the terms were fulfilled.

On December 31, 1981, the Williamsons and Magnusson and Metzger entered into a contract for deed for the sale of the property owned by the Williamsons. The contract provided that $1,000 was due upon execution of the contract and that the balance of $15,500 plus nine percent annual interest from December 31 was due on or before June 15, 1982. According to the contract provisions, Magnusson and Metzger received possession of the property on December 31, 1981. The contract also provided that, upon default by Magnusson and Metzger, the Williamsons had the option to declare the balance due, bring an action to cancel the contract, and retain the money paid as liquidated damages.

In the spring of 1982, Don McDowell demolished the building on the property without receiving permission to do so from the Williamsons or from Magnusson and Metzger. Magnusson and Metzger defaulted on the final payment of $15,500 plus interest that was due June 15, 1982. Magnusson and Metzger also failed to pay the fire and casualty insurance premium of $109, so the Williamsons paid the premium in accordance with the terms of the contract. On June 17, 1982, Scott Stewart, the Langdon attorney who had drafted the contract for deed for the Williamsons, prepared and delivered letters to Magnusson and to Metzger giving them notice of the Williamsons' intent to cancel the contract for deed. However, Attorney Stewart acted on his own initiative without receiving authority from the Williamsons to notify Magnusson and Metzger of an intent to cancel.

The Williamsons then brought this action to require Magnusson and Metzger to specifically perform the terms of the contract for deed. Magnusson and Metzger responded to the Williamsons' complaint by alleging that the building on the property was no longer in existence; that a cancellation action founded upon the same transaction was pending; and that the relief requested was barred by statutes prohibiting deficiency judgments.

The trial judge determined that the notice of intent to cancel prepared by Stewart did not constitute an irrevocable choice of remedies by the Williamsons, and that the Williamsons were entitled to the remedy of specific performance. The judge ordered the Williamsons to execute and deliver a deed to Magnusson and Metzger, and he ordered Magnusson and Metzger to pay the Williamsons the sum of $15,500 plus nine percent interest from December 31, 1981, $109 for the insurance premium paid by the Williamsons, and costs of the action. Magnusson and Metzger appealed.

Our first consideration involves the effect of the letters Stewart delivered to Magnusson and Metzger. Both letters were

signed "Scott Stewart", and both contained the following language:

"I am giving you notice pursuant to North Dakota law that it is the intent of Mr. and Mrs. Williamson to cancel the Contract for Deed between you and them dated the 31st day of December, 1981. You have failed to make the payment due and owing the Williamsons on the 15th day of June, 1982. Failure to do so is default and the Williamsons are exercising their right to cancel and terminate the contract."

This letter does not comply with § 32–18–02 of the North Dakota Century Code which requires a notice of cancellation to state the time the cancellation shall take effect, as provided in § 32–18–04, N.D.C.C.

Attorney Stewart testified during trial that he did not discuss the contents of the letters with the Williamsons and that he alone made the determination to send the letters. In *Loraas v. Connolly,* 131 N.W.2d 581, 584 (N.D.1964), this court noted that ordinarily an attorney has no power to compromise his client's claims, unless he has express authorization from the client. Similarly, this court has stated that an attorney may not waive his client's substantial rights without the client's consent. *Robinson v. State,* 63 N.W.2d 521, 524 (N.D.1954).

■ Stewart did not have the Williamsons' consent to waive their right to other actions by attempting to begin a cancellation action. In addition, the notice Stewart sent did not meet the procedural requirements of Chapter 32–18, N.D.C.C., entitled "Cancellation of Land Contracts". We agree with the trial court's conclusion that the letters prepared by Stewart were insufficient to begin a cancellation action by the Williamsons that would have prohibited this action for specific performance.

Although not raised by Magnusson and Metzger, our next consideration is the applicability of the doctrine of specific performance to these facts. In *Jonmil, Inc. v. McMerty,* 265 N.W.2d 257 (N.D.1978), a seller attempted to seek specific performance of a contract for deed. The seller sent a letter to the buyer, before beginning the specific performance action, declaring the buyer in default and invoking the default remedy provision in the contract for deed. This court determined that the seller technically was seeking relief under the contractual default provision, rather than seeking the remedy of specific performance. In *Jonmil, supra* 265 N.W.2d at 261, we concluded that a seller cannot sue for cancellation of the contract and also sue for specific performance. Justice Sand, who authored the *Jonmil* decision, stated, in *Jonmil, supra* 265 N.W.2d at 260:

"... we ... do not conclude that specific performance at any time or under any conditions will not be available to the vendor to compel performance of the specific basic provisions of the contract ...."

The Williamsons state in their brief that "this case is one which falls into the potential exception reserved in *Jonmil, Inc. v. McMerty*". We do not agree.

The facts and issue in the case before us today parallel those in our recent decision in *Wolf v. Anderson,* 334 N.W.2d 212 (N.D. 1983). In *Wolf,* the sellers and buyers executed a contract for deed in 1978 involving the purchase of property, including a five-unit apartment building. In 1979 the apartment building was condemned by the city, and the city ordered the building to be demolished. The buyers in *Wolf* defaulted and the sellers commenced an action for specific performance of the contract. The issue on appeal was whether or not the trial court erred in its refusal to grant the remedy of specific performance.

■ Specific performance is an equitable remedy and equitable principles must be followed in its use. *Zimmerman v. Campbell,* 245 N.W.2d 469, 471 (N.D.1976). In *Wolf, supra* 334 N.W.2d at 215, we stated the following rules:

"The person seeking specific performance has the burden of proving he is entitled to it. *Rohrich v. Kaplan,* 248 N.W.2d 801, 807 (N.D.1976). A complaint which requests the equitable remedy of specific performance must clearly show that the

legal remedy of damages is inadequate. *Tower City Grain Co. v. Richman,* 232 N.W.2d 61, 66 (N.D.1975)."

■ We noted in *Wolf* that the sellers' complaint stated no reason why the legal remedy of damages would be inadequate, and that the sellers did not offer evidence during trial to establish this prerequisite to the granting of specific performance. In the instant case, the record is similarly lacking. The Williamsons have not met their burden of proving they are entitled to the remedy of specific performance. When the Williamsons' attorney was asked during oral argument why money damages are inadequate in this case, he replied by stating that they probably are not inadequate; however, he did not explain why the Williamsons failed to prove this prerequisite before requesting the remedy of specific performance.

In *Wolf, supra* 334 N.W.2d at 215–16, and in the instant case, our conclusion is the same:

"We find nothing unique or special in these circumstances warranting the remedy of specific performance. ... there is no indication that monetary damages will not adequately compensate the ... [sellers]. Although § 32–04–09, N.D.C.C., supports a buyer's right to specific performance on the ground that monetary damages are presumed to be inadequate, no similar statutory presumption exists to support an action by the seller for specific performance. *Jonmil, supra.*

"We do not hold that there is no case in which a vendor can obtain specific performance of a contract for the sale of real property. In the present case, however, the ... [sellers] have failed to meet their burden of proving that the legal remedy is inadequate."

We believe that the trial judge abused his discretion in this case when he granted the Williamsons the remedy of specific performance without explaining in the order for judgment why money damages are inadequate. Therefore, we reverse the judgment and remand for a determination of the amount of money damages to be awarded to the Williamsons as a result of Magnusson's and Metzger's default of the contract for deed.[1]

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

---

1. Because we reverse the judgment awarding specific performance, we do not reach Magnusson's and Metzger's contention that the judgment violated §§ 32–19–06 and 32–19–07, N.D.C.C., the antideficiency judgment statutes. *See Wolf, supra* 334 N.W.2d 212, 214 n. 2. *See generally Langenes v. Bullinger,* 328 N.W.2d 241 (N.D.1982).