**Robert J. YON and Lucille A. Yon, Plaintiffs and Appellees,**

v.

**GREAT WESTERN DEVELOPMENT CORPORATION and Ron Fox, doing business as RF Investment, Defendants and Appellants.**

Civ. No. 10447.

Supreme Court of North Dakota.

Oct. 31, 1983.

---

* Justice WM. L. PAULSON, served as a Surrogate Justice for this case pursuant to Section 27–17–03, N.D.C.C.

**44**

Albert J. Hardy, of Howe, Hardy, Galloway & Maus, Dickinson, for plaintiffs and appellees.

William C. Kelsch, of Kelsch, Kelsch, Bennett, Ruff & Austin, Mandan, for defendant and appellant Great Western Development Corp. (on brief).

Malcolm H. Brown (argued), of Bair, Brown & Kautzmann, Mandan, for defendant and appellant Ron Fox.

VANDE WALLE, Justice.

Great Western Development Corporation (hereinafter Great Western) and Ron Fox, doing business as RF Investment (hereinafter Investment), appealed from a summary judgment entered in the District Court of Stark County granting Robert J. and Lucille A. Yon foreclosure of a contract for deed. We affirm.

On June 12, 1981, the Yons entered into a contract for deed with Great Western for the sale of a parcel of real estate in Stark County. Great Western subsequently entered into a contract for deed with Investment for the conveyance of the same property.

The contract for deed between Yon and Great Western contains the following provision regarding default:

"DEFAULT: Should the Buyer default in the payment of principal, interest or taxes due under this agreement, or any part thereof, or fail to perform any other agreement contained herein, Sellers may by written notice declare the whole balance due under this Contract and cancel and terminate this Contract and all rights, title and interest of Buyer shall thereupon cease and terminate and all improvements made on the premises not yet released from this agreement, and all payments made hereunder, shall belong to Sellers as liquidated damages for breach of this Contract. Neither the extension of the time of payment of any sum, nor the waiver of any breach, shall affect the right of Sellers to cancel this Contract because of defaults subsequently occurring, and no extension of time shall be valid unless evidenced by a duly signed instrument. Further, after service of notice and failure to remove within the period allowed by law the default therein specified, Buyer agrees, upon demand of Sellers, to quietly and peacefully surrender to Sellers the possession of said premises not yet released from this agreement, it being understood that until

default the Buyer shall have possession of the premises." ·

The contract between Great Western and Investment contains the same default provision and, other than the amount of consideration, is basically identical to the Yon—Great Western contract.

A previous draft of the contract between the Yons and Great Western contained a statement in the default provision that the "Sellers also may, at their option, bring an action for specific performance of this Contract." This sentence was deleted from the first draft and did not appear in the final, signed contract between the Yons and Great Western.

Upon failure to receive an annual installment payment, the Yons brought an action for foreclosure and sale of the property against Great Western and Investment. The Yons also indicated in the complaint their intention to seek a deficiency judgment. In their answers, both defendants alleged that the Yons' sole remedy upon default was to terminate the contract, regain possession of the property, and retain all payments made as liquidated damages. Great Western also cross-claimed against Investment alleging default on its contract for deed and requesting that in the event the Yons' foreclosure action is successful, it be allowed foreclosure against Investment upon the same terms and conditions. Investment, in its answer to the cross-claim, once again alleged that upon default the sole remedy was cancellation of the contract.

The trial court granted the Yons' motion for summary judgment[1] against both defendants and also granted Great Western's motion for summary judgment against Investment. In a memorandum opinion, the court initially determined that there were no disputed issues of material fact and that the Yons were not limited in their remedies to cancellation of the contract for deed either by an action at law or by the notice provisions contained in Chapter 32–18, N.D. C.C. ·The court also concluded that although the Yons had contractually agreed not to exercise the remedy of specific performance, no agreement precluded them from exercising the remedy of foreclosure. Finally, the court determined that although Great Western technically could not enter into a contract for deed with Investment because it held no title to the premises in question and thus could only assign its vendee's interest in its contract with the Yons, its right to foreclosure was nevertheless "clear" and in the interests of judicial economy, deemed Great Western's cross-claim and motion as "minimally sufficient." Both Great Western and Investment have appealed from the summary judgment in favor of the Yons.

The appellants claim that fact questions exist which precluded the trial court from granting summary judgment and that the remedies of specific performance and foreclosure of a contract for deed are so similar in their result in this case that the Yons' agreement to waive specific performance also constituted an agreement to waive the remedy of foreclosure.

The disputed facts which the appellants claim prevented the trial court from granting summary judgment concern the intentions of the parties to the contract for deed. In support of their argument, the appellants point to the language deleted from the initial draft of the contract for deed between the Yons and Great Western, and the affidavit of Harlan Heinsohn in support of Great Western's motion for summary judgment, in which he stated the parties "agreed that the only remedy available to Plaintiff on default of the Contract, is that set forth in the Contract, which remedy is that of cancellation of the Contract."

 Although questions in regard to which extrinsic evidence is adduced to ascertain the intention of the parties to a contract are questions of fact to be deter-

---

1. The Yons moved for judgment on the pleadings. However, because the trial court considered the affidavit in support of Great Western's motion for summary judgment, which was outside the pleadings, the court treated the Yons' motion as one for summary judgment. See Rule 12(c), N.D.R.Civ.P.

mined by the trier of fact, extrinsic evidence is to be considered only if the language of the agreement is ambiguous and the parties' intentions cannot be determined by the writing alone. *Sorlie v. Ness,* 323 N.W.2d 841 (N.D.1982); *Farmers Elevator Company v. David,* 234 N.W.2d 26 (N.D. 1975); §§ 9–07–02 and 9–07–04, N.D.C.C. Whether or not a contract or its terms are ambiguous is a question of law for the court to decide. *Schulz v. Hauck,* 312 N.W.2d 360 (N.D.1981); *Grove v. Charbonneau Buick-Pontiac, Inc.,* 240 N.W.2d 853 (N.D.1976).

The language used in the default provision of the contract for deed under consideration here is clear and unambiguous. As a result, no reference to extrinsic evidence is required and the interpretation of the contract is entirely a question of law. Thus, no "factual disputes" concerning the intention of the parties to the contract prevented the trial court in this case from granting summary judgment.

■ However, although the trial court appears to have determined that the contract for deed was unambiguous,[2] it is evident that the court nevertheless considered extrinsic evidence in the form of the deleted language in the first draft of the contract for deed in arriving at its conclusion that the Yons contractually agreed not to exercise the remedy of specific performance. As we have noted, extrinsic evidence of the parties' intent should have been considered only if the language of the agreement was so ambiguous and unclear that the intent could not be ascertained from the instrument. *Matter of Estate of Gustafson,* 287 N.W.2d 700 (N.D.1980). The fact the default provision is silent as to remedies other than cancellation does not suggest that the contract is in this regard ambiguous. It is well settled in this State that an option for cancellation in a contract for deed does not render cancellation the vendor's exclusive remedy. *Schaff v. Kennelly,* 61 N.W.2d 538 (N.D.1953); *D.S.B. Johnston Land Co. v. Whipple,* 60 N.D. 334, 234 N.W. 59 (1930). The language in the contract for deed clearly does not permit the conclusion that the Yons agreed not to exercise the remedy of specific performance.

■ We note that although it may have been error for the trial court to conclude the Yons had specifically agreed not to exercise the remedy of specific performance, our court will not reverse a proper judgment merely because the trial court's reasoning in arriving at the judgment was incorrect. *E.g., Bohn v. Bohn Implement Co.,* 325 N.W.2d 281 (N.D.1982).

■ Even assuming that the Yons had contractually agreed not to seek specific performance, we do not agree with the appellants' contention that the remedies of specific performance and foreclosure of a contract for deed are so similar in their result that an agreement to waive one also constitutes an agreement to waive the other.

■ The remedies of specific performance and foreclosure are separate and distinct. A vendor seeking the equitable remedy of specific performance of a contract for deed must initially allege and prove that the legal remedy of damages is inadequate. *Williamson v. Magnusson,* 336 N.W.2d 353 (N.D.1983); *Wolf v. Anderson,* 334 N.W.2d 212 (N.D.1983).[3] If specific performance is granted, the judgment in most cases will consist of the amount of money remaining due the vendor under the terms of the contract. See § 32–04–02, N.D.C.C. In return, the vendee acquires title to the property.

2. In a letter written to counsel after Great Western and Investment requested reconsideration of the trial court's memorandum decision, the judge stated:

"I do not know what the parties may have contemplated when they contractually agreed that Yon could not exercise his right to specific performance, but that issue is not before me and probably cannot come before me since the contractual agreement was relatively precise in that regard and no ambiguity seems to exist."

3. In view of this court's recent decisions in *Williamson, supra,* and *Wolf, supra,* it is indeed questionable whether or not specific performance would have been available to the Yons had they chosen to seek it.

However; in an action to foreclose a contract for deed, the vendor seeks a judgment declaring the amount due on the contract and an order of sale of the property to satisfy the judgment. See, generally, J. Leahy, *Cancellation of Land Contracts,* 32 N.D.L.Rev. 5 (1956). A deficiency judgment is not allowed in the proceeding to foreclose the contract, but must be sought in a separate action brought under §§ 32–19–06 and 32–19–07, N.D.C.C. *Schaff, supra.* Under this procedure, the vendee does not acquire title to the property but retains a right of redemption and an advantageous position during the redemption period. In the action to seek a deficiency judgment, the "fair value" of the premises is determined by a jury, and "no deficiency judgment can be rendered against the party or parties personally liable unless the fair value of the ... premises is determined by such jury to be less than the sum adjudged to be due and the costs of the action." § 32–19–06, N.D.C.C.

Thus, absent from a proceeding in which specific performance is sought is a jury determination of the value of the land. Ordinarily, the granting of specific performance will result in a judgment for the amount remaining due under the terms of the contract even if the agreement calls for the price to be substantially more than the land is worth. The potential for a deficiency judgment, however, is not based exclusively upon the terms of the contract, but is dependent upon a jury's determination of the fair value of the property.

The appellants' argument that in the present case the net result of allowing foreclosure would amount to awarding the Yons specific performance is therefore without merit. We have no way of knowing what determination a jury might reach as to the value of the land in question here.

For the reasons stated in the opinion, the summary judgment is affirmed.

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section

ERICKSTAD, C.J., SAND and PEDERSON, JJ., and PAULSON,* Surrogate Justice, concur.