**LaVerne JOHNSON, Plaintiff, Appellee and Cross-Appellant,**

v.

**MINERAL ESTATE, INC., Defendant, Appellant and Cross-Appellee,**

and

**W.A. Bolinske, Defendant.**

**Civ. No. 10498.**

Supreme Court of North Dakota.

Jan. 26, 1984.

---

Eaton, Van de Streek & Ward, Minot, for plaintiff, appellee and cross-appellant; argued by Jonathon C. Eaton, Jr., Minot.

Teevens, Johnson, Montgomery, Minot, for defendant, appellant and cross-appellee; argued by William P. Teevens, Minot.

PEDERSON, Justice.

This case involves a dispute over the effect of an addendum clause to an oil and gas lease on a lessee's obligation to make a deferred bonus payment. The district court granted summary judgment in favor of the lessor and ordered the lessee to pay $125,945.83 plus interest. The district court also denied the lessor's motion to amend her complaint to allege fraud. We reverse and remand.

In November 1981, Mineral Estate, Inc., through its president, W.A. Bolinske, entered into a 30-day option agreement with LaVerne Johnson to lease property in Dunn County for oil and gas purposes. In consideration for the option, Mineral Estate paid Johnson $1,000. Five separate four-year term top leases were drawn to be effective September 9, 1982, the date at which the primary terms of the underlying leases expired.

Before execution and delivery of the leases to Mineral Estate, Johnson took them to an attorney who added the following typewritten clause to each of the printed "Producers 88" form leases:

"This lease shall be null and void unless the balance of bonus consideration is paid lessor before October 10, 1982."

The addendum clause, which appears at the bottom of the leases, is preceded by an

asterisk. In the body of the printed leases, the asterisk appears at the end of the royalty and shut-in gas well clause.

Pursuant to the option agreement, Mineral Estate delivered two sets of sight drafts to Johnson totaling $300 per mineral acre as the bonus consideration. The first set of drafts totaled $58,375.67 and were payable in 45 days. The second set of drafts totaled $125,945.83 and were payable not "before October 9, 1982." Mineral Estate recorded the leases.

Johnson collected payment on the first set of drafts but the second set of drafts were returned unpaid. Mineral Estate relinquished the leases of record.

Johnson brought suit against Mineral Estate and Bolinske seeking specific performance, *i.e.*, payment of the balance of the bonus consideration. Both parties moved for summary judgment. The district court granted Bolinske's motion for dismissal with prejudice on the ground that he was not a party to the lease agreement, but granted Johnson's motion against Mineral Estate and directed entry of judgment against it for the balance of the bonus consideration. The court did not fully explain the basis for this determination.[1] The court also denied Johnson's motion to amend her complaint to allege fraud against Bolinske. Both parties have appealed.

The same general rules that govern interpretation of contractual agreements apply to oil and gas leases. *West v. Alpar Resources, Inc.*, 298 N.W.2d 484, 490 (N.D.1980); *MacMaster v. Onstad*, 86 N.W.2d 36, 40 (N.D.1957). The construction of a written contract to determine its legal effect is a question of law for the court to decide, and on appeal, this court will independently examine and construe the contract to determine if the trial court erred in its interpretation. *West, supra.* In interpreting a contract, the contract must be read and construed in its entirety so that all of the provisions are taken into consideration to determine the true intent of the parties. *Oakes Farming Ass'n v. Martinson Bros.*, 318 N.W.2d 897, 907 (N.D.1982).

The determination of whether or not a contract is ambiguous is also a question of law for the court to decide. *Schulz v. Hauck*, 312 N.W.2d 360, 363 (N.D.1981). An ambiguity exists under a contract when rational arguments can be made in support of contrary positions as to the meaning of the language in question. *Mueller v. Stangeland*, 340 N.W.2d 450, 453 (N.D. 1983); *West, supra.* This court has also indicated in the past that the placement and location of language within instruments conveying interests in real property may be indicative of the parties' intentions. *Mueller, supra; Royse v. Easter Seal Society For Crippled Children*, 256 N.W.2d 542 (N.D.1977).

Both parties maintain that the leases are not ambiguous, but that the legal effect of the instruments as a matter of law support their positions. Mineral Estate claims that the addendum clauses in the leases as a matter of law gave it an option to pay or to not pay the balance of the bonus consideration. In an affidavit, Johnson claims that her attorney told her the language in the addendum clauses "was meant to protect her from an assignment of the lease to a bona fide purchaser who could claim the lease was valid though the full bonus had not been paid."

Because rational contrary arguments can be made as to the meaning of the language in question when considered with the remainder of the lease agreements and with the placement of the clauses through the use of the asterisk, we conclude that the language in question is ambiguous and that a question of fact exists as to what the parties intended by the addendum clauses. Summary judgment is not appropriate whenever a finding of fact must be made. *Heinsohn v. William Clairmont, Inc.*, 333 N.W.2d 697, 702 (N.D.1983); *Albers v. NoDAK Racing*

---

1. Rule 52(a), NDRCivP, provides in part that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

*Club, Inc.,* 256 N.W.2d 355, 358 (N.D.1977). We therefore remand the case for trial so that the trier of fact may consider extrinsic evidence as to the intention of the parties to the lease agreements.[2]

In her cross appeal, Johnson claims that the trial court abused its discretion in denying her motion to amend the complaint to allege fraud against Bolinske. The trial court determined that the motion was rendered moot by its order granting summary judgment in favor of Johnson and denied the motion "so that the parties may have a complete record of disposition of all issues for review on appeal ...." Because we have concluded that the trial court erred in granting summary judgment, her motion is no longer moot.

We therefore reverse the summary judgment and remand to the trial court for trial and for reconsideration of Johnson's motion to amend her complaint.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.

---

**2.** We note that the trial court, in granting summary judgment in this case, awarded Johnson specific performance. On remand, the trial court may wish to consider the appropriateness of granting such relief in view of several recent decisions of this court involving specific performance of a contract for deed to real property. *E.g., Yon v. Great Western Development Corp.,* 340 N.W.2d 43 (N.D.1983); *Williamson v. Magnusson,* 336 N.W.2d 353 (N.D.1983); *Wolf v. Anderson,* 334 N.W.2d 212 (N.D.1983). The issue apparently was not raised in the trial court and we therefore express no opinion as to the applicability of these decisions to a lease of an interest in a mineral estate.