**NORDEN LABORATORIES, INC., Plaintiff,**

v.

**W.A. ROTENBERGER, Defendant and Third-Party Plaintiff and Appellee,**

and

**Patrick H. Robertson and Marilyn B. Robertson, Third-Party Defendants and Appellants.**

**Civ. No. 10711.**

Supreme Court of North Dakota.

Nov. 28, 1984.

Ward M. Kirby, of Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant and third-party plaintiff and appellee.

T.L. Secrest, Hettinger, for third-party defendants and appellants.

VANDE WALLE, Justice.

Dr. Patrick Robertson and Marilyn B. Robertson, third-party defendants and purchasers of a veterinary clinic from Dr. W.A. Rotenberger, appealed from the civil judgment entered by the district court, Bowman County, on April 18, 1984, awarding Dr. Rotenberger, third-party plaintiff, $4,495 plus interest in payment for supplies and medicines received from Dr. Rotenberger. We affirm.

This action arises out of a dispute concerning the purchase of the veterinary clinic business by the Robertsons from Dr. Rotenberger during August of 1979. In negotiating the sale of the business the parties signed two instruments: an earnest-money purchase agreement entitled "Purchase Contract and Receipt" dated July 27, 1979, and the final contract entitled "Contract of Sale" dated August 31, 1979. On July 27, 1979, the Robertsons paid $10,000 as earnest money and downpayment on the condition that the $10,000 would be returned to the Robertsons if they could not obtain financing for the purchase of the business.

In the purchase contract the Robertsons agreed to pay $220,000 for the assets of the business including inventory worth $20,000. The parties agreed that the sale would become final upon the signing of the contract of sale.

Prior to August 31, 1979, the date the contract of sale was signed, Dr. Rotenberger had ordered additional veterinary medicines and supplies in the sum of approximately $4,400. Dr. Rotenberger made these purchases in order that he might have sufficient inventory to continue the business in the event that Dr. Robertson failed to complete the agreement to purchase the clinic. The additional supplies and medicines arrived at the clinic sometime prior to August 31, 1979.

By agreement of the parties an inventory was taken of supplies and medicines prior to the signing of the contract of sale. This inventory, verified by subsequent inventories, indicated that the value of the supplies and medicines exceeded $20,000.

After the contract of sale was signed the Robertsons took possession of the clinic including the additional supplies and medicines. Dr. Rotenberger was subsequently billed by the various suppliers of the additional supplies and medicines. One such supplier, Norden Laboratories, Inc., brought suit against Dr. Rotenberger for payment of the supplies he had ordered. Dr. Rotenberger in turn requested Dr. Robertson to pay for the supplies and medicines. Dr. Rotenberger claimed that Dr. Robertson had agreed, prior to signing the contract of sale, that certain supplies and medicines would either be paid for by Robertson or returned to Rotenberger for credit. Dr. Robertson kept the supplies and medicines but refused to make payment to Dr. Rotenberger. Dr. Robertson argued

that the additional supplies and medicines were a part of the inventory and included in the property that he purchased in the contract of sale.

Dr. Rotenberger paid the amounts due for the supplies and medicines to the medical supply companies including Norden Laboratories, Inc., and · subsequently brought a third-party action against the Robertsons to recover these amounts.

The dispute between the parties focused on the two instruments of sale, the purchase contract and receipt dated July 27, 1979, and the contract of sale dated August 31, 1979.

The contract of sale differed from the purchase contract and receipt in two respects. The first difference between the instruments was in the manner in which the required $20,000 of inventory being sold to Dr. Robertson was dealt with in each instrument.

The contract of sale included two separate provisions concerning inventory. The first provision which mentioned the sale of supplies and inventory stated that Dr. Rotenberger "... hereby sells and assigns to the Purchasers the business and property ... including all equipment, supplies and inventory, ..." That provision also listed items that Dr. Rotenberger was excluding from the sale of the business. The supplies and medicines ordered prior to the closing date of the sale were not included in the list of exclusions. Dr. Robertson contended that any assets of the business that Dr. Rotenberger wanted excluded from the sale should have been mentioned in the paragraph containing the exclusions. The second provision in the contract of sale that mentioned supplies and inventory allocated $20,000 of the purchase price into $5,000 for supplies and $15,000 for inventory.

The above provisions in the contract of sale concerning supplies and inventory differed from the inventory provisions found in the purchase contract and receipt in that the latter stated that the sale included "all buildings, land, equipment, supplies, trees, fences, corrals, water system, sewer system, and $20,000 of inventory."

The second difference between the instruments of sale was in the manner in which each instrument set forth the commencement date for accrual of interest on the principal amount financed by the Robertsons. The purchase contract and receipt provided that the Robertsons were to make a down-payment and finance the balance with monthly payments starting on January 10, 1980. The purchase contract and receipt specifically provided that interest was to start accumulating on September 1, 1979.

The contract of sale did not specifically state the date from which the interest was to be calculated; rather, the contract of sale provided that, "The remaining balance ... together with interest ... shall be due and payable in 240 equal amortized monthly installments ... including interest, commencing on January 10, 1980." Dr. Robertson argued that the provision concerning interest in the contract of sale was not ambiguous and that interest was to start accumulating on January 10, 1980, at the same time that the first payment was due.

The trial court found the contract of sale to be ambiguous because it did not provide specifically for a remedy in the event that the amount of supplies and inventory failed to be exactly $20,000 as required by the purchase contract and receipt. The court found further ambiguity in the contract of sale because the document did not state precisely when the interest, payable in monthly installments, was to commence to accrue.

Once the trial court determined that the contract of sale was ambiguous, it made reference to extrinsic evidence, specifically testimony of witnesses and the purchase contract and receipt. Evidence revealed that the parties had taken an inventory of the supplies and medicines and that the inventory figure had exceeded $20,000. Testimony indicated that the Robertsons had agreed to pay the purchase price of the veterinary medicines recently ordered and delivered and included in the inventory if

they kept possession of the medicines. The court therefore found that the Robertsons were indebted to Dr. Rotenberger for the amounts he had paid out in compromise settlements to the various medical supply companies. The trial court determined further, after examining the purchase contract and receipt, that the interest was to commence to accrue on September 1, 1979, with the first payment to be due on January 10, 1980.

Dr. Robertson contends that the trial court erred in its determination that the contract of sale was ambiguous. Dr. Robertson argues that the two provisions of the contract of sale in question were not ambiguous and therefore the trial court erred by admitting parol evidence to explain the clear terms of the contract of sale.

We have said that the construction of a written contract to determine its legal effect is a question of law for the court to decide. *Johnson v. Mineral Estate, Inc.*, 343 N.W.2d 778 (N.D.1984); *Sorlie v. Ness*, 323 N.W.2d 841 (N.D.1982); *Oakes Farming Assn. v. Martinson Bros.*, 318 N.W.2d 897 (N.D.1982). When a court interprets a contract it must read and construe the contract in its entirety. All the provisions of the contract therefore are taken into consideration to determine the true intention of the parties. *Johnson v. Mineral Estate, Inc., supra; Oakes Farming Assn. v. Martinson Bros., supra.* Whether or not a contract or its terms are clear and unambiguous is a question of law for the court to decide. *Johnson v. Mineral Estate, Inc., supra; Yon v. Great Western Development Corp.*, 340 N.W.2d 43 (N.D.1983); *Intern. Feed Products v. Alfalfa Products*, 337 N.W.2d 154 (N.D.1983).

Pursuant to Section 9–07–04, N.D. C.C., the intention of the parties to a written contract must be ascertained from the writing alone if possible. Where the intention of the parties can be ascertained from the writing alone, without reference to extrinsic evidence, the interpretation of the contract is entirely a question of law. *Zitzow v. Diederich*, 337 N.W.2d 799 (N.D.

1983). In such a case, we will independently examine and construe the contract to determine whether or not the district court erred in its interpretation of it. *Johnson v. Mineral Estate, Inc., supra; Metcalf v. Security Intern. Ins. Co.*, 261 N.W.2d 795 (N.D.1978). If the court is unable to determine the intention of the parties from the writing alone and reference must be made to extrinsic evidence, those questions that cannot be resolved without the use of extrinsic evidence are questions of fact for the trier of fact. *Yon v. Great Western Development Corp., supra; Zitzow v. Diederich, supra.* Conclusions of law are fully reviewable on appeal but findings of fact are not set aside unless we conclude that they are clearly erroneous. *Schulz v. Hauck*, 312 N.W.2d 360 (N.D.1981); *Schwarting v. Schwarting*, 310 N.W.2d 738 (N.D.1981). See Rule 52(a), N.D.R. Civ.P.

Upon reviewing the contract of sale we agree that the provisions relating to interest and inventory are ambiguous and that the intention of the parties cannot be ascertained from the contract of sale alone. The trial court acted properly in admitting parol evidence to assist it in ascertaining the meaning of the contract of sale. After reviewing the parol evidence available to the trial court, the testimony of the parties, and the purchase contract and receipt, we conclude that the findings of fact based on the parol evidence are not clearly erroneous. Rule 52(a), N.D.R.Civ.P.

The judgment of the trial court is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.