## PAUL W. ABBOTT, INC. v. AXEL NEWMAN HEATING AND PLUMBING COMPANY, INC., AND ANOTHER. CITY OF ST. PAUL, RESPONDENT.

166 N. W. (2d) 323.

February 28, 1969—No. 41308.

*Stringer, Donnelly & Sharood* and *Bert A. Minwegen,* for appellant.

*Joseph P. Summers,* Corporation Counsel, and *Thomas J. Stearns,* Assistant Corporation Counsel, for respondent city.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from an order of the municipal court of the city of St. Paul denying an alternative motion for amended findings or a new trial.

The city of St. Paul, preparing to construct two new fire stations, called for bids for the required plumbing. Axel Newman Heating and Plumbing Company, Inc., the successful bidder, subcontracted the job of insulating the plumbing as required by the city's specifications to Paul W. Abbott, Inc. While the work was in progress, a dispute arose as to whether the specifications issued by the city, on the basis of which Newman secured its contract and Abbott obtained its subcontract for the insulation, required that *all* the domestic water piping be insulated or only so much of it as was placed above the finished ceilings of the buildings. The disputed specification, formulated by the city as a basis for the bids, reads:

"All domestic water piping and rainwater piping *installed above finished ceilings* under this specification shall be insulated * * *." (Italics supplied.)

The city contended that the limiting effect of the underlined phrase applies only to "rainwater piping"; Newman, the contractor, and Abbott, the subcontractor, contended that the phrase "installed above finished ceilings" applies to both rainwater piping and domestic water piping. It was then agreed by representatives of the three parties that notwithstanding the dispute Abbott could insulate the domestic water piping wherever located and that the question of whether this work was required by the specifications or should be paid for as "an extra" would be resolved when the job was done. A representative of Newman requested Abbott to proceed on this basis and it did so. It is agreed that the reasonable value of the work done in insulating the domestic water piping which was not "above finished ceilings" is $772.37.

After the buildings were completed, Abbott sued Newman and the city for recovery of this amount; Newman cross-claimed against the city for its profit and overhead expense on the work; and the city denied liability to either of them. The trial court found in favor of Abbott against Newman but determined, in effect, that the city was liable to neither Abbott or Newman for the disputed work. Newman, appealing, contends in this court that the decision is perverse.

■ Were it not for a discussion with respect to the disputed speci-

fication which took place between a representative of the city of St. Paul and a representative of Newman before it submitted its bid for the plumbing, we would be required to hold the specification ambiguous and to resolve the ambiguity in favor of both the contractor and the subcontractor on the ground that the specification, having been prepared by the city, should be construed against it. But, as between Newman, the contractor, on the one hand, and the city on the other, the ambiguity in the specification was clarified by a conversation which took place between authorized representatives of these parties prior to the submission of Newman's bid. There is ample support in the evidence for this finding by the trial judge:

"Prior to submitting its successful bid on the mechanical work, Defendant Newman Heating had been advised by the office of the City Architect that it was the intent of paragraph 38.21 of the specifications governing said work that insulation was to be installed on all domestic water piping, and on rainwater piping installed above finished ceilings."

Newman, having received this information prior to the time its bid was submitted, became obligated when the bid was accepted to comply with the specification in conformity with this mutual understanding of its meaning. As stated in Kane v. Oak Grove Co. 221 Minn. 500, 504, 22 N. W. (2d) 588, 590:

"* * * Although preliminary negotiations cannot be allowed to contradict or vary the plain terms of a written contract purporting to integrate the entire transaction, nevertheless, where the terms or words used are ambiguous or reasonably susceptible of more than one interpretation, such negotiations may be considered in order to determine the meaning and intent of the parties."

See, also, Wick v. Murphy, 237 Minn. 447, 453, 54 N. W. (2d) 805, 809.

■ Although the ambiguity inherent in the language of the specification was clarified in so far as Newman is concerned before he submitted his bid for the plumbing work at the two fire houses, there was no such clarification of the ambiguity in so far as Abbott, the subcontractor, was concerned. No one connected with Newman ever relayed to Abbott

the conversation which the trial court found to have occurred as between Newman and the city. As to Abbott, therefore, the specifications did not require the insulation of all domestic water piping and he was entitled to recover from Newman the reasonable worth and value of this work done at Newman's request and in fulfillment of Newman's obligation to the city.

How is it possible, appellant asks, in effect, that the specification here involved could have one meaning as between the city of St. Paul and the general plumbing contractor and a different and more narrow meaning as between the general plumbing contractor and the subcontractor to whom a portion of the job was let on the basis of the same specification? The answer to the question lies in the fact that the precontract conversation occurring between Newman's representative and the responsible agency of the city of St. Paul made this provision of the contract, which would otherwise be ambiguous, clear as between them. If Newman had reported this information to Abbott before the making of the insulation subcontract, Abbott, too, would have been bound by the understanding of the language then shared by Newman and the city. But this was not done. Abbott was permitted to enter the insulation subcontract on the reasonable assumption that the insulation of exposed domestic water piping was not a part of its subcontract obligation. Newman should have known that Abbott would be proceeding on this assumption. Newman's representative was himself confused by the meaning of the disputed specification before he discussed the matter with the city's contracting representative. It is because Newman failed to transmit the information then received to Abbott before accepting Abbott's bid on the subcontract, and for that reason only, that Newman now finds itself in the position of being obligated to the city for a greater quantum of contractual performance than it can demand from its subcontractor.

Affirmed.