Bonnie BEESON, Marilyn Hodgson, Barb Knutson, and Dorothy Larson, Plaintiffs and Appellants,

v.

WYNDMERE PUBLIC SCHOOL DISTRICT NO. 42, a public corporation, Defendant and Appellee.

Civ. No. 880044.

Supreme Court of North Dakota.

Aug. 15, 1988.

Chapman & Chapman, Bismarck, for plaintiffs and appellants; argued by Michael J. Geiermann.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee; argued by Douglas R. Herman.

GIERKE, Justice.

The plaintiffs, part-time teachers with the defendant, Wyndmere Public School District No. 42, (School District) brought an action for declaratory relief and damages, asserting that the individual teaching contracts issued to them by the School District did not conform with their negotiated master contract. The trial court entered a judgment dismissing the action on its merits from which the teachers have filed this appeal. We affirm.

During all times relevant to this lawsuit the plaintiffs have taught half time at the School District. The master contract includes a salary schedule for teachers with a salary step increase for each year of experience until the maximum salary for the applicable degree and credit category is reached. The contract contains no specific provision indicating the manner by which part-time teachers are to receive salary step increases based upon years of experience. For that reason the trial court determined that the master contract was ambiguous. In construing the master contract the trial court turned to the individual contracts executed between the plaintiffs and the School District. Under the individual contracts, for each school year that a teacher taught half time that teacher received a one-half salary step under the schedule. The trial court determined that the individual contracts manifested a reasonable interpretation by the parties of the ambiguous master contract, and the court concluded that the individual contracts were in accord with and not in violation of the master contract.

On appeal the teachers assert that the trial court erred in determining that the master contract was ambiguous. They assert that because the master contract does not distinguish between part-time and full-time teachers for purposes of receiving salary step increases, it is unambiguous and requires the School District to offer a full step increase for each year of part-time teaching.

■ The determination of whether a contract is ambiguous is a question of law for the court to decide. *Schulz v. Hauck*, 312 N.W.2d 360 (N.D.1981). A contract is ambiguous when rational arguments can be made in support of contrary positions as to the meaning of the language in question. *Graber v. Engstrom*, 384 N.W.2d 307 (N.D. 1986).

■ We agree with the trial court that the master contract is ambiguous, because rational arguments can be made to support varying applications of the salary schedule to part-time teachers. A rational argument can be made that under the salary schedule no salary step increase is earned until a teacher has the equivalent of one year of full-time teaching experience. However, rational arguments can also be made that one full step increase is earned for each year of part-time teaching or that only a fractional step increase is earned for each year of part-time teaching (e.g. a half-time teacher earns a one-half step increase).

We disagree with the teachers' assertion that a contract is ambiguous only if a spe-

cific term or phrase has doubtful meaning. In *Graber, supra,* a lease agreement provided that one of the parties was to maintain the leased property. However, the agreement did not set forth the specific maintenance tasks which were intended to be the responsibility of that party. We agreed with the trial court that the lease was ambiguous in failing to clearly delineate the specific maintenance responsibilities. The nature of the ambiguity in the master teacher contract is similar to the ambiguity of the lease in *Graber, supra.* The master teacher contract provides a salary schedule with step increases for experience but fails to specify the manner by which the salary schedule and step increases are to be applied to part-time teachers. We find no error in the trial court's conclusion that the master contract is ambiguous in this regard.

If the parties' intentions cannot be determined from the written contract alone and references must be made to extrinsic evidence, then those questions in regard to which extrinsic evidence is adduced are questions of fact. *Metcalf v. Security International Insurance Co.,* 261 N.W.2d 795 (N.D.1978). Those findings of fact by the trial court will not be set aside on appeal unless they are clearly erroneous. *Schulz v. Hauck,* 312 N.W.2d 360 (N.D.1981). In construing an ambiguous contract which has been partly executed, the court may consider the parties' actions after entering into the contract in ascertaining the intentions and construction placed upon the contract by the parties. *Beck v. Lind,* 235 N.W.2d 239 (N.D. 1975); *Sandberg v. Smith,* 234 N.W.2d 917 (N.D.1975).

Each of the plaintiffs in this case has executed a number of individual teaching contracts with the School District, and each contract provides a one-half step increase for each school year of part-time teaching. The trial court found that these contracts manifest a reasonable interpretation of the salary schedule in the master contract. We conclude that the trial court's finding is not clearly erroneous. We further conclude, therefore, that the trial court did not err in concluding that the individual teacher contracts are in conformance with the negotiated master contract.

Accordingly, the judgment of the district court is affirmed.

ERICKSTAD, C.J., VANDE WALLE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.