**HEUPEL, INC., Plaintiff and Appellee,**

v.

**Lovilla L. SCHUCH, Defendant and Appellant.**

**Civ. No. 890258.**

Supreme Court of North Dakota.

March 27, 1990.

Engelter Law Office, Mandan, for plaintiff and appellee; argued by William G. Engelter.

Vogel Law Firm, Mandan, for defendant and appellant; argued by Joseph A. Vogel.

VANDE WALLE, Justice.

Lovilla Schuch appealed from a judgment granting Heupel, Inc., [Heupel] rescission

of an earnest-money agreement. We affirm.

On January 10, 1985, Heupel, by its president Reuben O. Heupel, and Schuch executed an earnest-money agreement wherein Heupel agreed to purchase property in Mandan from Schuch for $25,000. Schuch, a realtor, prepared the agreement, which required Heupel to pay $3,000 in earnest money and also stated the following conditions for use of the property:

"10. SPECIAL CONDITIONS property will remain zoned agriculture. 1 to 2 horses and pets allowed. (No commercial feedlot or public nuisance.)"

According to Reuben, he told Schuch that he wanted to use the property for horses and 4-H pets (lambs, poultry, ducks, and geese) and she informed him that there was "nothing to worry about" because the property was zoned agricultural. When Reuben learned that his intended use might be restricted by a Mandan city ordinance,[1] he sought an exception. The Mandan City Commission passed a motion on April 2, 1985, limiting the use of the property to a maximum of three horses. Reuben testified that the City Commission refused to allow an exception for 4-H pets. Reuben then requested that Schuch refund the earnest money. Schuch refused, and Heupel commenced this action to rescind the agreement.

The trial court concluded that the agreement was ambiguous as to the animals that would be allowed on the property and therefore considered extrinsic evidence in determining the intent of the parties. The court, in accordance with § 9–07–19, N.D. C.C., interpreted the agreement most strongly against the party who caused the uncertainty to exist, Schuch, and found that the parties intended to allow 4-H pets on the property. A judgment was entered rescinding the agreement and ordering Schuch to return the $3,000 plus interest to Heupel. Schuch has appealed.

Schuch contends that the trial court erred in determining that the earnest-money agreement was ambiguous and in considering extrinsic evidence to determine the intent of the parties.

In *National Bank of Harvey v. International Harvester Co.*, 421 N.W.2d 799, 801 (N.D.1988), we recently outlined our standard for determining whether a contract is ambiguous:

"Whether a contract is ambiguous is a question of law. *Graber v. Engstrom*, 384 N.W.2d 307, 309 (N.D.1986). A contract is ambiguous when rational arguments can be made for different positions about its meaning. *Johnson v. Arithson*, 417 N.W.2d 373, 375 (N.D.1987). On appeal, this court will independently review the contract to determine whether it is ambiguous. *Vanderhoof v. Gravel Products, Inc.*, 404 N.W.2d 485, 491 (N.D.1987)."

Schuch argues that the term "pets" in paragraph 10 of the agreement is not ambiguous. She asserts that that term clearly does not include horses, rabbits, cattle, poultry or swine because it is qualified by "no commercial feedlot or public nuisance" and by the Mandan city ordinance which declares that the presence of those animals within the city limits is a nuisance. She asserts that the "term pet, as understood in its ordinary and popular sense, means cats and dogs particularly when referring to pets in the city." Heupel responds that the trial court correctly determined that paragraph 10 is ambiguous because it is not clear whether "public nuisance" is intended to qualify "pets" or whether "public nuisance" refers to some other activity that might be declared a public nuisance.

In order to determine the true intent of the parties, a contract must be construed as a whole to give effect to all of its provisions. Section 9–07–06, N.D.C.C.; *National Bank of Harvey v. International Harvester Co., supra*. The parties' in-

---

1. Mandan City Ordinance § 13–01–05, provided: "13–01–05. *Possession of Animals—Restricted.* It shall be unlawful, and is declared a nuisance, for any person to keep, own, possess or have under their control, any poultry, within the City limits, with the exception of commercial poultry hatcheries as otherwise allowed by law, or to keep within the platted portion of the City, any swine, poultry, rabbits, cows, or horses."

tent must be ascertained from the writing alone, if possible. Sections 9–07–02, 9–07–04, N.D.C.C. *Metric Construction, Inc. v. Great Plains Properties*, 344 N.W.2d 679 (N.D.1984). The words of a contract are to be understood in their ordinary and popular sense unless they are used in a technical sense or are given a special meaning. Section 9–07–09, N.D.C.C.

 Webster's New World Dictionary, Second College Edition, defines "pet" as "an animal that is tamed or domesticated and kept as a companion or treated with fondness." The ordinary and popular definition of pets is thus not necessarily limited to dogs and cats. It is not clear from the agreement whether "public nuisance" is intended to qualify and give a special meaning to "pets," or to refer to some other use of the property that might be a public nuisance. Although the term public nuisance may be read to apply to horses and other pets, it also may be read to prevent any use of the property that might be determined to be a public nuisance. Moreover, the application of the city ordinance to the agreement, as argued by Schuch, creates an inconsistency because the ordinance prohibits horses and the agreement allows one to two horses. Extrinsic evidence is required to explain that inconsistency. Thus, inclusion of the ordinance as part of the agreement requires the consideration of extrinsic evidence beyond the four corners of the agreement in order to explain the relationship of the ordinance to the agreement. That reliance on extrinsic evidence is, alone, an indication of an ambiguity. The meaning of paragraph 10 is unclear from the face of the agreement, and we conclude that rational arguments can be made for different interpretations of that paragraph. We therefore agree with the trial court that paragraph 10 is ambiguous as to the agreement of the parties concerning the use of the property for animals.

If a contract is ambiguous, extrinsic evidence is admissible to determine the intent of the parties, and a trial court's determination of that intent from extrinsic evidence is a question of fact subject to Rule 52(a), N.D.R.Civ.P. *National Bank of Harvey v. International Harvester Co., supra; Graber v. Engstrom*, 384 N.W.2d 307 (N.D.1986). A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake was made. *Id.*

In this case the trial court heard conflicting evidence on the intent of the parties and resolved that conflict in favor of Heupel and against Schuch, the party who prepared the agreement. Section 9–07–19, N.D.C.C.; *Graber v. Engstrom, supra*. We are not left with a definite and firm conviction that the trial court made a mistake in resolving the conflicting evidence. Accordingly, we conclude that the trial court's findings of fact are not clearly erroneous.

The judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.