J. F. SCHNEIDER, Plaintiff and Appellant,

v.

Gottlieb MARTIN, also known as G. S. Martin, and Frieda Martin, Defendants and Respondents.

No. 8212.

Supreme Court of North Dakota.

May 13, 1965.

Max A. Wishek, Ashley, for plaintiff and appellant.

Robert Chesrown, Linton, and Kretschmar & Kretschmar, Ashley, for defendants and respondents.

STRUTZ, Judge.

This is an action for the recovery of a broker's commission. The defendant Gottlieb Martin listed farm lands for sale with the plaintiff, who is a licensed real estate broker. The listing agreement, which was in writing and signed by the plaintiff and the defendant, was dated, and listed the total number of acres in the farm to be sold, the number of acres under cultivation, the selling price per acre, the amount of the down-payment, the manner in which the balance due was to be paid, the rate of interest on the unpaid balance, and the broker's commission. It also listed the buildings and other improvements on the land, together with the description of such improvements. The listing agreement did not, however, specify the title which was to be conveyed by the owner, did not state whether an abstract was to be furnished by the seller, did not mention the soil bank contract which then was in effect covering some of the land being sold, and did not provide for a termination date of the listing. The listing agreement further did not state when possession of the premises was to be delivered by the seller to the buyer, nor did it mention the payment of taxes.

Approximately eleven months after the date of this agreement, the plaintiff produced a prospective purchaser who offered to pay cash or to buy on the terms which the defendant had set forth in the listing agreement. No sale was made to this purchaser, however, when he demanded that the seller pay a portion of the taxes for 1963; when the seller insisted on retaining the pasture lands until the following fall; and when the parties failed to agree on several other conditions of the sale.

The plaintiff then brought this action for his commission, contending that he had produced a buyer who was ready, willing, and able to purchase the land on the defendant's terms. The trial court found for the defendants, however, and, from the judgment dismissing the plaintiff's complaint, the plaintiff has taken this appeal, demanding a trial de novo.

A broker, in order to recover the compensation called for by his contract of employment, must procure a person who is ready, willing, and able to purchase on terms set forth in the listing agreement. Where any material and essential matters are omitted from the listing agreement, the prospective buyer must agree to the terms and conditions of the seller as to such essential matters. When a buyer is produced who agrees to the seller's terms, however, the fact that the owner thereafter refuses to complete the sale will not deprive the broker of his right to compensation. Actual sale of the property, therefore, is not necessary for the broker to recover his commission. Young v. Metcalf Land Co., 18 N.D. 441, 122 N.W. 1101.

Real estate taxes in North Dakota become due at the end of the year for which such taxes are levied. Thus, in this case, where the negotiations for sale of the property were conducted during the months of March and April of 1963, taxes for that year would have become due on January 1, 1964. Sec. 57–20–01, N.D.C.C. Since the listing agreement was silent on payment of taxes, a buyer who purchased the property in March or April of 1963 would have been liable for the payment of all of the taxes for that year unless the parties mutually agreed to a different arrangement. Here, however, the prospective buyer refused to pay such taxes. He insisted that the seller pay a prorata share of them, and he testified:

"Well, we told him he was going to pay taxes for as long as he is on there."

Thus the prospective buyer who was procured by the plaintiff was not a ready, willing, and able buyer; he was not a purchaser who was ready, willing, and able to conclude the deal on the terms proposed by or acceptable to the owner. Ward & Murray v. McQueen, 13 N.D. 153, 100 N.W. 253.

Many other questions are raised as defenses to the claim of the plaintiff for his commission. We do not pass on them, however, since that is not necessary to a determination of this action. Only those questions necessary for a final determination of the cause will be considered by this court. In re Novak's Estate, 73 N.D. 41, 11 N.W.2d 64.

For reasons stated herein, the judgment of the district court is affirmed.

BURKE, C. J., and TEIGEN, ERICKSTAD and KNUDSON, JJ., concur.