■ GEORGE SUPER, Appellant, v MOHAMAD ISAM ABDELAZIM, Respondent. — Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Smyk, J.), entered December 15, 1983 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

The four causes of action alleged in the complaint are breach of contract and of a joint venture agreement, unjust enrichment, quantum meruit for services rendered, and damages for conversion of a trailer. Plaintiff states that in July 1979, he and defendant, who was a physician, orally agreed that plaintiff would perform all services required to first find a suitable location and then act as construction manager in converting a former school building into a medical office complex, in return for payment of a fee equal to 20% of the original cost of the total project. Plaintiff further contends that defendant later proposed

an option wherein defendant would retain the fee in return for payment of interest thereon at 10% per annum and use of one of the luxury apartments to be constructed adjacent to the office building for the lifetime of plaintiff and his wife. Plaintiff alleges that he was discharged and the agreements and joint venture terminated by defendant, when the project was complete in May 1979, without cause and without any payment to him. He seeks $300,000 as the value of services performed and $2,500 for the trailer. The answer denies any agreements or a joint venture, and asserts that any action is barred by the Statute of Frauds because of the absence of a writing confirming either contract or joint venture. Special Term granted defendant's motion for summary judgment and dismissed the complaint.

Initially, we agree with Special Term that plaintiff failed to come forth with evidentiary proof in admissible form sufficient to demonstrate the existence of triable issues of fact on plaintiff's first cause of action (*Zuckerman v City of New York,* 49 NY2d 557, 562). Conclusory assertions or repetition of allegations in pleadings will not defeat a motion for summary judgment (*Freedman v Chemical Constr. Co.,* 43 NY2d 260, 264; *Shaw v Time-Life Records,* 38 NY2d 201, 207; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). Plaintiff not only failed to sustain this burden, but has also admitted the lack of any agreement to share profits and losses, an essential element of any valid joint venture agreement. Summary judgment dismissing the first cause of action was therefore proper.

We find to the contrary with respect to the second cause of action, seeking $300,000 for unjust enrichment, and the third cause of action, for the same amount as the value of services rendered by plaintiff during the construction. These claims are not barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [10]), which requires that any contract to negotiate and develop a business opportunity or any interest in real property be in writing. Although the definition of "business opportunity" and the interpretation of the statutory provision has been difficult and differentially applied (*Freedman v Chemical Constr. Co., supra,* p 265), "the statute is entitled to be read both in accordance with its plain meaning, its evident purpose, and to accomplish the prevention of the mischief for which it was designed" (*supra,* at p 267). The record contains allegations which, if believed by the trier of fact, demonstrate that plaintiff's role was more extensive than merely negotiating a business opportunity; rather, he was to render a wide variety of

services, making his claim broad enough to survive the limitations of General Obligations Law § 5-701 (a) (10). Nor should the alleged agreement be barred under General Obligations Law § 5-701 (a) (1) as incapable of completion within a lifetime. Plaintiff has not sought the use of a luxury apartment for his and his wife's use. Whether the promise of an apartment together with 10% interest on his fee was an option offered to plaintiff in lieu of cash payment of his fee, or an integral part of one alleged agreement, presents a triable question of fact. The function of a court upon a summary judgment motion is issue finding, not issue determination (*Sillman v Twentieth-Century Fox Film Corp.*, 3 NY2d 395; *Missan v Schoenfeld*, 95 AD2d 198, 205). If, as here, a genuine issue of fact is found to exist, summary judgment must be denied (*Rowan v Brady*, 98 AD2d 638).

We further hold that dismissal of the fourth cause of action, based on conversion of the trailer, was error. The elements of that cause of action have been pleaded and an issue of fact as to whether defendant wrongfully took control of and secreted the trailer in contravention of plaintiff's rights has been sufficiently raised.

We have examined the parties' remaining contentions and find that none require determination.

Judgment modified, on the law, by reversing so much thereof as granted defendant summary judgment dismissing the second, third and fourth causes of action; said causes of action are reinstated, and, as so modified, affirmed, with costs to plaintiff. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.