Vernon Eugene THOMPSON, and Andrew C. Thompson and Thomas A. Thompson, Co-Conservators for Helen Alice Thompson, Plaintiffs and Appellees,

v.

Eugene THOMPSON, Defendant,

Myrna E. Thompson, Defendant and Appellant,

and

Peavey Company, Defendant.

Civ. No. 11130.

Supreme Court of North Dakota.

July 21, 1986.

Kent M. Morrow, Watford City, for plaintiffs and appellees.

Peter H. Furuseth, of MacMaster & Bonner, Williston, for defendant and appellant Myrna E. Thompson.

VANDE WALLE, Justice.

Myrna E. Thompson appealed from a district court judgment declaring that Vernon and Helen Thompson own a salt-water-disposal well and are entitled to all payments associated with its use. We affirm.

On January 1, 1980, Vernon and Helen Thompson entered into a contract for deed for the sale of land to Eugene and Myrna Thompson. The contract for deed provided that the sellers "reserve and except all oil and gas."

When the contract for deed was executed, there was located on the premises an abandoned oil and gas well being used for the disposal of salt water from wells on other land. The sellers continued to receive the proceeds from use of the disposal well until 1983, when a dispute arose as to who was entitled to proceeds from use of the well, after which the salt-water-disposal company placed the proceeds in escrow. The well is no longer being used.

Vernon Thompson brought an action to quiet title in 1984, alleging that the buyers were in default under the terms of the contract for deed. Andrew C. Thompson and Thomas A. Thompson, co-conservators of the estate of Helen Thompson, intervened as plaintiffs to have the contract for deed cancelled for nonpayment.

Myrna Thompson answered and filed a counterclaim in which she alleged that, pursuant to a divorce judgment, she was awarded the sole interest of the vendee under the contract for deed and that:

"Subsequent to the execution of the Contract for Deed on January 1, 1980, Vernon Eugene Thompson and Helen Alice Thompson accepted payments for the lease of a water disposal well on the property. These payments were rightfully due to the Defendants and Myrna E. Thompson is entitled to an accounting of all payments made to the Plaintiffs."

The trial court concluded that the contract for deed was ambiguous and received evidence as to the parties' intentions. Judgment was entered declaring that the buyers were in default under the contract for deed, setting a redemption period, and decreeing that Vernon and Helen "are the owners of all right, title, and interest in the salt-water-disposal well ... and they are entitled to all payments associated with the use of said well, ..."

Myrna's issues on appeal relate only to the salt-water-disposal well: (1) Did the trial court err in concluding that the contract for deed is ambiguous and in receiving parol evidence; and (2) Did the grantors reserve an interest in the salt-water-disposal well.

We said in *Bohn v. Johnson,* 371 N.W.2d 781, 788 (N.D.1985):

" '... If the parties' intentions can be ascertained from the writing alone, without reference to extrinsic evidence, then the interpretation of the contract is entirely a question of law, ... But, if the parties' intentions cannot be determined from the writing alone and reference must be made to extrinsic evidence, then those questions in regard to which extrinsic evidence is adduced are questions of fact to be determined by the trier of fact.' [quoting from *Sorlie v. Ness,* 323 N.W.2d 841, 844 (N.D.1982) ]

"Thus, a determination that a written agreement is ambiguous and the parties' intentions cannot be determined from the writing alone does not end the inquiry as to the meaning of the agreement. A determination of ambiguity is but the starting point in the search for the parties' ambiguously expressed intentions, which are questions of fact to be determined with the aid of extrinsic evidence."

■ Although arguably not an interest in "all oil and gas," the right to receive the proceeds from the disposal of salt water from oil wells on other land into an abandoned oil and gas well is nevertheless such an unusual interest that one would expect it to be expressly dealt with in a contract for deed executed by persons selling land and reserving oil and gas, but no other estate. The existence of such a well, known to all the contracting parties but not mentioned in the contract, when considered in light of the assertion in Myrna's counterclaim that the sellers had accepted payments for the use of the well rightfully due to the buyers, created a latent ambiguity as to the interests conveyed by the contract for deed which could be explained by parol evidence. See *Harney v. Wirtz,* 30 N.D. 292, 152 N.W. 803 (1915); 23 Am.Jur.2d *Deeds,* § 314 (1983). Thus the trial court did not err in concluding that the contract for deed was ambiguous or in receiving extrinsic evidence as an aid in determining the factual question of the parties' ambiguously expressed intentions.

Consent to a contract "is not mutual unless the parties all agree upon the same thing in the same sense." Section 9–03–16, N.D.C.C. "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting ..." Section 9–07–03, N.D.C.C. "A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates." Section 9–07–12, N.D.C.C. "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract." Section 9–07–13, N.D.C.C. If a contract is ambiguous, "parol evidence is admissible to explain existing essential terms or to show the parties' intent." *Bye v. Elvick,* 336 N.W.2d 106, 111 (N.D.1983). As the court said in *Hedrick v. Stockgrowers' Credit Corporation,* 64 N.D. 61, 250 N.W. 334, 336 (1933):

"And where a contract is ambiguous, and it is impossible to ascertain the intention of the parties thereto from the writing alone, the subsequent acts of the parties showing the construction they put upon the agreement themselves may be looked to by the court, and in some cases may be controlling."

Section 9–07–19, N.D.C.C., provides:

"In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist."

■ Upon receiving and considering extrinsic evidence bearing upon the parties' intentions, the trial court found:

"X.

"... The said well was in existence for a period of almost two years prior to the preparation of the Contract for Deed between the parties. There were no specific discussions between the parties as [to] ownership of the well or its proceeds subsequent to the Contract for Deed....

"Eugene and Myrna were responsible for the preparation of the Contract for Deed and paid for it's preparation."

There is evidence in the record to support the trial court's findings. We have not been left with a definite and firm conviction that a mistake has been made. The findings therefore are not clearly erroneous. Those findings support the trial court's conclusion that Vernon and Helen "are the owners of ... the salt-water-disposal well ... [and] are entitled to all payments associated with the use of said well, ..." The parties materially differed as to what was being conveyed. The parties therefore did not "agree upon the same thing in the same sense." Section 9–03–16, N.D.C.C. Thus there was no contract to convey the right to receive the proceeds of the salt-water-disposal well. See 3 *Corbin on Contracts* § 540, p. 88 (1960);[1] Restatement (Second) of Contracts § 20, comment c (1979).[2]

■ A purchaser drafting a contract for deed for the sale and purchase of land with a reservation of oil and gas who intends to purchase the ownership of an existing salt-water-disposal well and the right to proceeds flowing from the use of the well must do so explicitly in order that seller and purchaser contract with regard to the same thing. If that intent is not explicit, the purchaser takes the risk that any ambiguity with reference thereto will be construed against him pursuant to § 9–07–19, N.D.C.C., with the result that such interest is not conveyed.

The judgment is affirmed.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., and SCHNEIDER, District Judge, concur.

SCHNEIDER, D.J., sitting in place of GIERKE, J., disqualified.

---

1. "If the court is convinced that the parties to a transaction gave different meanings to the express terms of agreement and that neither party knew or had reason to know that fact, the holding will be that no contract was made and neither reformation nor enforcement in accordance with anybody's 'meaning' will be granted."

2. "... Even though the parties manifest mutual assent to the same words of agreement, there may be no contract because of a material difference of understanding as to the terms of the exchange."