Gregory Paul JOHNSON, aka Greg Johnson, Plaintiff, Appellant and Cross-Appellee

v.

Donald K. ARITHSON and David A. Arithson, Defendants, Appellees and Cross-Appellants.

Civ. No. 870043.

Supreme Court of North Dakota.

Dec. 29, 1987.

Kubik, Bogner, Ridl & Selinger, Dickinson, for plaintiff, appellant and cross-appellee; argued by Joseph H. Kubik, Dickinson.

Howe, Hardy, Galloway & Maus, P.C., Dickinson, for defendants, appellees and cross-appellants; argued by Michael J. Maus, Dickinson.

MESCHKE, Justice.

Gregory Johnson appealed from a judgment denying him compensation under an "agency agreement" with Donald and David Arithson. We uphold the trial court's interpretation of the agreement and affirm.

Gregory Johnson agreed with Arithsons to procure oil leases on their land. The agency agreement said:

"Compensation to Agent, or party of the second part, is to be ten percent (10%) of the bonus paid to party of the first part by any Lessee solicited by party of the second part, it being the intent of the parties hereto that any offer sub-

mitted is to be assumed to be the result of the efforts of the Party of the second part during the term of this agreement or thereafter by a Lessee solicitated [sic] by said second party."

During the term of this agreement, Arithsons leased to a prior oil lessee of part of the land for bonuses totalling $190,-105.00. Johnson had not solicited that lessee and was not involved in negotiating the new leases. Nevertheless, Johnson sought 10% of the bonuses, arguing that he was entitled to compensation regardless of his efforts because he had an exclusive listing agreement.

Both parties moved for summary judgment but both were denied. In ruling on those motions, the trial court refused the jury demanded by Arithsons, saying that the "litigation is not properly triable to a jury...." Arithsons requested reconsideration of the jury trial, but Johnson resisted it. The trial court again refused a jury, saying that the agreement was "not ambiguous." The trial court held a trial without a jury but heard evidence as if the contract were ambiguous. The trial court ruled that Arithsons did not owe Johnson compensation.

Johnson appealed, arguing that he had an exclusive listing and that any lease was conclusively "assumed to be the result of [his] efforts...." We disagree and affirm the trial court's ruling.

■ Whether a contract is ambiguous is a question of law for the court to decide. A contract is ambiguous when rational arguments can be made for different positions about its meaning. *Graber v. Engstrom*, 384 N.W.2d 307, 309 (N.D.1986). If a contract is ambiguous, other evidence can be considered to clarify the intent of the parties. *Thompson v. Thompson*, 391 N.W.2d 608, 610 (N.D.1986). An ambiguity resolved by the use of extrinsic evidence is a question of fact for the trier of fact to decide. *Thompson, supra,* at 610. A conclusion of law is fully reviewable on appeal but a finding of fact is not set aside unless clearly erroneous. *Norden Laboratories, Inc. v. Rotenberger*, 358 N.W.2d 518, 521 (N.D.1984); NDRCivP 52(a). This court

has increasingly relied upon a trial court's findings construing an ambiguous contract in conjunction with conduct of the parties. *Wilhite v. Central Inv. Properties*, 409 N.W.2d 348, 353 (N.D.1987).

■ It is not clear whether the central phrase in the disputed provision, "any offer submitted is to be assumed to be the result of the efforts of [Johnson]," stands alone, unqualified by the concluding phrase, "by a Lessee solicitated [sic] by [Johnson]." Therefore, we conclude that this agreement was ambiguous and that other evidence was properly considered. After hearing the evidence, the trial court determined that it was not an exclusive listing and that it did not require compensation to Johnson when Arithsons obtained their own leases. These findings were not clearly erroneous.

■ Relying on several past decisions of this court to support his argument, Johnson argued that the agreement was like an "exclusive listing agreement," although those words were not used. *Bismarck Realty Co. v. Folden*, 354 N.W.2d 636, 641 (N.D.1984) held a first broker was entitled to damages when the owner made a sale of real estate through a second broker. The agreement said the first broker had an "exclusive right to sell" and the first broker had substantially performed. But, here, neither the word "exclusive" nor its equivalent was used, and the trial court made no finding that the new leases were obtained by another agent. And, unlike the agreement in *Melzner v. Toman*, 57 N.D. 639, 223 N.W. 691 (1929), there was no explicit language for compensation to Johnson if Arithsons obtained their own leases. The trial court did not err in determining that this agreement was not an exclusive listing.

■ Johnson argues that the word "assumed" avoids any ambiguity. He argues that "assume" is always conclusive and does not permit the introduction of contrary evidence. Differentiating an assumption from an evidentiary presumption which is always rebuttable under NDREv 301, he insists that evidence contradicting the agreed assumption should not have

been allowed. The trial court did not accept the distinction, nor do we.

The ordinary meaning of assume is "to take for granted—accept arbitrarily or tentatively." Webster's Third New International Dictionary (1971). There is nothing about this ordinary meaning of the word "assume" which makes it indisputable. Neither conclusive nor exclusive terms were used. Because the new leases did not result from Johnson's efforts, the trial court did not err in ruling for Arithsons.

By hearing other evidence about the meaning of the agreement after ruling that there was no ambiguity, the trial court proceeded in an unconventional way, which we do not approve. But, since the agreement was ambiguous, we cannot say that allowing other evidence was harmful error inconsistent with substantial justice. NDRCivP 61. Johnson has not claimed that he was denied opportunity to present any evidence bearing on the agreement.

Johnson, in his reply brief to this court, joined in Arithsons' cross-appeal for a jury trial upon remand. Johnson did not raise the jury trial issue on this appeal, nor could he because he had resisted Arithsons' strenuous efforts for a jury trial. Thus, Johnson's attempt to obtain a jury trial is neither timely nor appropriate. Since we hold in favor of Arithsons, it is unnecessary for us to rule on their right to a jury trial.

Because the use of extrinsic evidence to interpret the ambiguous agreement was proper, and because we conclude that the trial court's interpretation of the agreement was not clearly erroneous, we affirm the judgment.

ERICKSTAD, C.J., and LEVINE, GIERKE and VANDE WALLE, JJ., concur.