Edwin MATTHEIS, Plaintiff and Appellant,

v.

The CITY OF HAZEN and its City Commission, consisting of Mel Beckler, Mayor and President of the City Commission; Lyle Latimer, City Commissioner; Jim DuBois, City Commissioner; Shirley Neuberger, City Commissioner; Rheta Johnson, City Commissioner, Defendants and Appellees.

Civ. No. 870209.

Supreme Court of North Dakota.

March 29, 1988.

782 F.2d 300 (1st Cir.1986).

Hagen, Quast & Alexander, Beulah, for plaintiff and appellant; argued by Larry W. Quast, Beulah.

Joy Laurel Wezelman (argued), Bismarck, for defendants and appellees. Appearance by Warren H. Albrecht, Jr., of Fleck, Mather, Strutz & Mayer, PC, Bismarck.

GIERKE, Justice.

The plaintiff, Edwin Mattheis, appeals from the district court judgment granting summary judgment in favor of the defendants, City of Hazen and the Hazen City Commission. We affirm.

On or before July 25, 1983, Edwin Mattheis (Mattheis) was appointed to the positions of city superintendent and building inspector in Hazen, North Dakota. On October 7, 1985, Mel Beckler, as president of the city commission, signed the statement of charges against Mattheis. On October 8, 1985, the city commissioners, pursuant to Section 40–15–07 of the North Dakota Century Code,[1] prepared and served upon Mattheis a notice of hearing which incorpo-

---

1. Section 40–15–07 of the North Dakota Century Code provides as follows:

"40–15–07. Appointive officers—Removal upon hearing—Suspension—Appointment and removal of temporary officer. Any person appointed to any office of a city operating under the commission system of government and *any employee of the city may be removed by a majority vote of all the members of the board of city commissioners, but no officer or employee shall be removed except for cause and unless charges are preferred against him and he is accorded an opportunity to be heard in his own defense.* Within ten days after charges are filed against any such person in the office of the city auditor, the board shall proceed to hear and determine the case upon its merits. The president of the board of city commissioners, or the board, by a majority vote of its members, may suspend any officer or employee against whom charges have been preferred until the disposition of the charges. The president may appoint a person to fill any vacancy temporarily until charges against the incumbent of such office have been disposed of. Any person appointed by the president without confirmation may be removed by him when he deems it is for the best interests of the city." (Emphasis added.)

rated a statement of charges. On October 16, 1985, a hearing on the charges was held before the city commission which consisted of Mel Beckler, Lyle Latimer, Shirley Neuberger, Rheta Johnson and Jim DuBois.

At the hearing, Mattheis alleged that Mel Beckler (Beckler) and Jim DuBois (DuBois) were biased and prejudiced against him. Mattheis claimed that Beckler was prejudiced because Beckler signed the statement of charges and had prejudged Mattheis. In addition, Mattheis claimed that DuBois was prejudiced because of a public statement DuBois had made in 1984 that Mattheis should be fired for an incident where Mattheis had kicked another city employee. Mattheis requested Beckler and DuBois to remove themselves from the hearing. Beckler and DuBois refused to disqualify themselves and participated in the hearing. The city commission by a majority vote of four to one decided to terminate Mattheis' employment as city superintendent and building inspector effective October 31, 1985.

On March 14, 1986, Mattheis filed suit against the City of Hazen and the Hazen City Commission claiming he was wrongfully terminated from his position by the city commission. Mattheis asserted that as a result of the two biased and prejudiced commissioners' refusal to remove themselves from the decision-making process, he was deprived of a fair hearing.

On May 12, 1986, the defendants filed a motion for judgment on the pleadings for failure to state a claim upon which relief may be granted. The trial court denied the motion on August 1, 1986.

On February 9, 1987, the defendants filed a motion to dismiss and, in the alternative, for summary judgment. Both parties filed briefs on the motion. On May 27, 1987, the trial court granted summary judgment in favor of the defendants. This appeal followed.

Mattheis contends on appeal that the trial court erred in determining as a matter of law that his discharge hearing, pursuant to Section 40–15–07, N.D.C.C., did not constitute a denial of procedural due process.

■ Summary judgment is appropriate to promptly and expeditiously dispose of a controversy on its merits without a trial when, after viewing the evidence in a light most favorable to the party against whom summary judgment is sought, only a question of law is involved or there is no genuine dispute over material facts. *Eldridge v. Evangelical Lutheran Good Samaritan Society,* 417 N.W.2d 797, 800 (N.D.1987); *American State Bank of Killdeer v. Hewson,* 411 N.W.2d 57, 60 (N.D.1987); *Stensrud v. Mayville State College,* 368 N.W.2d 519, 521 (N.D.1985).

■ Even if a factual dispute exists, summary judgment is appropriate if the law is such that the resolution of the factual dispute will not change the result. *Eldridge v. Evangelical Lutheran Good Samaritan Society, supra; American State Bank of Killdeer v. Hewson, supra; Gowin v. Hazen Memorial Hospital Ass'n,* 349 N.W.2d 4, 8 (N.D.1984).

In the instant case, the trial court assumed for purposes of the summary judgment motion that the allegations of bias and prejudice were true. Consequently, the issue of bias ceased to be an issue of material fact. The trial court further noted that the only remaining issue was whether or not as a matter of law Mattheis still had a claim for relief, "ie., do these facts (prejudice) constitute an actionable due process claim." The trial court relied on *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), and *State ex rel. DeLuca v. Common Council of Franklin,* 72 Wis.2d 672, 242 N.W.2d 689 (1976), in determining when an adjudicator's bias or prejudice would constitute a denial of procedural due process. The trial court concluded as a matter of law that in this case there was no denial of due process.

Section 40–15–07 of the North Dakota Century Code provides in part as follows:

"Any person appointed to any office of a city * * * and any employee of the city may be removed by a majority vote of all the members of the board of city commissioners, but no officer or employee shall be removed except for cause and

unless charges are preferred against him and he is accorded an opportunity to be heard in his own defense."

■ In the instant case, Mattheis was served with a notice of hearing which incorporated a statement of charges. A hearing was held upon the merits of the case within ten days after charges were filed against Mattheis. At the discharge hearing, the city commission gave Mattheis an opportunity to be heard in his own defense. Mattheis was removed from his duties as city superintendent and building inspector for cause by a majority vote of all the members of the city commission. Thus, the statutory removal procedures of Section 40–15–07 of the North Dakota Century Code were followed by the city commission.

■ In *State ex rel. Ness v. City Commissioners of Fargo*, 63 N.D. 33, 245 N.W. 887 (1932), this Court analyzed Section 3808, N.D.Comp.L. (1913),[2] the predecessor law to Section 40–15–07, N.D.C.C. This Court, at syllabus 4 of *State ex rel. Ness v. City Commissioners of Fargo, supra,* stated as follows:

"A statute authorizing the removal of officers, requiring the filing of charges, the service of notice of hearing of such charges upon the officer, giving him an opportunity to be heard in his defense, * * * contemplates some kind of a hearing, and, while the commission is not a court and is not governed by the strict rules of a trial in court, such proceedings are quasi judicial in character, and no essential element of a fair trial can be dispensed with."

Also, in *State ex rel. Ness v. City Commissioners of Fargo*, 63 N.D. at 43, 245 N.W.

at 891, quoting *State ex rel. Hart v. Common Council of Duluth*, 53 Minn. 238, 55 N.W. 118 (1893), this Court recognized that:

" '[removal proceedings] are quasi judicial, and hence reviewable by the courts, yet they are not courts, but essentially legislative and administrative bodies; and that their action should be considered in view of their nature and the purposes for which they were organized, and not tested by the strict legal rules which prevail in trials in courts of law. Hence, if such a body has kept within its jurisdiction, and the evidence furnished any legal and substantial basis for their action, it ought not to be disturbed for any mere informalities or irregularities which might have amounted to reversible error in the proceedings of a court. To apply any other rule to the proceedings of such bodies would be impracticable, and disastrous in the extreme to public interests.' "

In *Withrow v. Larkin*, 421 U.S. 35, 46–47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712, 723 (1975), the United States Supreme Court addressed the issue of when an adjudicator's bias or prejudice would constitute a denial of procedural due process as follows:

"Concededly, a 'fair trial in a fair tribunal is a basic requirement of due process.' *In Re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). This applies to administrative agencies which adjudicate as well as to courts. *Gibson v. Berryhill*, 411 U.S. 564, 579, 93 S.Ct. 1689, 1698, 36 L.Ed.2d 488 (1973). Not only is a biased decision maker constitutionally unacceptable but 'our system of law has always endeav-

**2.** Section 3808, N.D.Comp.L. (1913), provided as follows:

"§ 3808. Amendment. Removal from office. Every person appointed to any office may be removed therefrom by a majority of votes of all the members of the board of city commissioners, but no such officer shall be removed except for cause nor unless charges are preferred against him and an opportunity given him to be heard in his defense. The board of city commissioners may compel the attendance of witnesses and the production of papers when necessary for the purpose of such hearing, and shall proceed within ten days after the charges are filed with the city auditor to hear and determine the case upon its merits. The president of the board of city commissioners may suspend any officer against whom charges have been preferred until the disposition of the same, and appoint any officer to fill the vacancy temporarily until the charges have been disposed of. Any officer appointed by the president of the board of city commissioners without confirmation under the provisions of this chapter may be removed by him when he deems it for the best interests of the city."

ored to prevent even the probability of unfairness.' *In Re Murchison, supra,* 349 U.S., at 136, 75 S.Ct., at 625; cf. *Tumey v. Ohio,* 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749 (1927). In pursuit of this end, various situations have been identified in which experience teaches that the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable. Among these cases are those in which the adjudicator has a pecuniary interest in the outcome and in which he has been the target of personal abuse or criticism from the party before him. (Footnotes omitted.)

"The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry. It must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented."

In *State ex rel. DeLuca v. Common Council of Franklin,* 72 Wis.2d 672, 681, 242 N.W.2d 689, 695 (1976), the Wisconsin Supreme Court cited *Withrow v. Larkin, supra,* as controlling in determining when a biased decision maker is constitutionally unacceptable. In *DeLuca, supra,* the Wisconsin Supreme Court addressed the issue of disqualification of a biased decision maker as follows:

"Circumstances which lead to a high probability of bias, even though no actual bias is revealed in the record, may be sufficient to give the proceedings an unacceptable constitutional taint. *Larkin* indicated that there were two situations that clearly show such a high probability of actual bias as to be constitutionally intolerable, the first being a situation in which the adjudicator has a pecuniary interest in the outcome and the second where the adjudicator has been the target of personal abuse or criticism from the party before him."

In the instant case, there was no showing of pecuniary interest or personal animosity on behalf of Beckler or DuBois. Also, while there may be circumstances leading to high probability of bias in addition to pecuniary interest or personal bias, the plaintiff has not supported his opposition to the motion with any such evidence.

We believe that Mattheis was afforded a fair hearing. Accordingly, we conclude there was no denial of due process. Therefore, the judgment of the district court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.