**FIRST NATIONAL BANK & TRUST COMPANY OF WILLISTON,**
Plaintiff and Appellee,

v.

**Pius SCHERR, individually and d.b.a. Scherr & Scherr, a general partnership, Defendants,**

and

**Albinus Scherr, individually, Defendant and Appellant.**

**FIRST NATIONAL BANK AND TRUST COMPANY OF WILLISTON, Plaintiff and Appellee,**

v.

**Pius SCHERR, individually and d.b.a. Scherr & Scherr, a general partnership, Defendants and Appellants,**

and

**Albinus Scherr, Defendant.**

Civ. Nos. 880175, 880233.

Supreme Court of North Dakota.

Feb. 10, 1989.

Rolfstad, Winkjer, McKennett and Stenehjem, Williston, for plaintiff and appellee; argued by Kent A. Reierson, Williston.

John T. Gassmann (argued), Valley City, for defendant and appellant Pius Scherr, individually, and Scherr & Scherr.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendant and appellant Albinus Scherr; argued by Albert A. Wolf.

LEVINE, Justice.

Albinus Scherr (Albinus), individually, and Pius Scherr (Pius), individually and doing business as a general partnership by the name of Scherr & Scherr, appeal from summary judgment in favor of First National Bank & Trust Company of Williston (Bank).[1] We affirm as to Pius and reverse as to Albinus.

On April 29, 1983 the Bank obtained a short-term mortgage, executed in the name of

"Scherr and Scherr, a General Partnership
s/ ALBINUS SCHERR
Albinus Scherr
s/ PIUS SCHERR
Pius Scherr"

on property upon which the Scherrs planned to construct a Famous Recipe Chicken store. The mortgage secured a total indebtedness of $100,000. Subsequently, Pius, on behalf of Scherr & Scherr, signed four notes totaling $100,000 which were designated as "construction advances" for the Famous Recipe Chicken store.[2] Each note expressly referred to the April 29, 1983 real estate mortgage.

On October 26, 1983, Pius and Albinus executed another mortgage on the Famous Recipe Chicken store property, and a note for $100,000. The note stated that it was secured by the October 26, 1983 mortgage and that it renewed the previous notes designated as construction advances for the Famous Recipe Chicken store. This note, dated October 26, 1983, is referred to in this opinion as the $100,000 note.

One day later, on October 27, 1983, Pius executed a note for $65,000 for the "[f]inal construction on Famous Recipe Chicken." Only the signature of Pius followed the typewritten reference to "Scherr & Scherr, A Partnership." Neither this note, nor any of the subsequent renewal notes, referred

---

**1.** The appeals of Pius, individually, Scherr & Scherr, and Albinus have been consolidated.

**2.** On the first of the four notes, Pius signed the note without reference to Scherr & Scherr. On the other three notes, Pius' signature follows the designation, Scherr & Scherr. The parties do not dispute, however, that Pius signed as an agent for Scherr & Scherr on these four notes.

to the real estate mortgage or other security.

Pius and Albinus defaulted on the $100,000 note and the $65,000 note. To recover the balance of the $100,000 note, the Bank brought a foreclosure action against Pius and Albinus, d.b.a. Scherr & Scherr, and obtained judgment of foreclosure on the Famous Recipe Chicken property.

The Bank then sued Pius and Albinus individually and doing business as Scherr & Scherr, to recover the balance due on the $65,000 note. The Bank moved for summary judgment, asserting that there was no genuine issue of material fact and that Pius and Albinus, d.b.a. Scherr & Scherr, were personally liable for the $65,000 note because the note was unsecured.

The trial court granted summary judgment in favor of the Bank, concluding that "[a]lthough possibly some factual disputes might exist between the parties, the law is such that resolution of immaterial factual disputes will not change the result." [citing *Russell v. Bank of Kirkwood Plaza,* 386 N.W.2d 892 (N.D.1986)]. Albinus moved for reconsideration of the order for summary judgment. The trial court reiterated its reason for granting summary judgment and denied the motion.

Pius, Albinus and the partnership appealed. They contend that the trial court erred in granting summary judgment because there are material factual disputes.

Summary judgment is available to promptly and expeditiously dispose of a controversy without trial "only where there is no dispute as to either the material facts or inferences to be drawn from the undisputed facts, or whenever only a question of law is involved." *Northwestern Equipment, Inc. v. Badinger,* 403 N.W.2d 8, 9 (N.D.1987) [quoting *North Dakota State Engineer v. Schirado,* 373 N.W.2d 904, 908–09 (N.D.1985)].

On appeal from a summary judgment, we view the evidence in the light most favorable to the party against whom the summary judgment was granted. *E.g., Stokka v. Cass County Electric Co-op, Inc.,* 373 N.W.2d 911, 915 (N.D.1985).

### 1. Pius' Appeal

■ Pius argues that the $65,000 note is ambiguous as to whether it is secured by the mortgage, making summary judgment inappropriate. His argument is that if the note is in fact secured, NDCC § 32–19.1–07 precludes the Bank from suing on the note after it foreclosed upon the mortgage.

Whether a contract is ambiguous is a question of law for the court to decide. *Johnson v. Arithson,* 417 N.W.2d 373, 375 (N.D.1987). A contract is ambiguous when a "rational argument can be made for different positions about its meaning." *Johnson, supra; Graber v. Engstrom,* 384 N.W.2d 307, 309 (N.D.1986). If the contract is unambiguous, the intentions of the parties are to be ascertained from the contract alone. *See* NDCC §§ 9–07–02, 9–07–04; *Metric Construction, Inc. v. Great Plains Properties,* 344 N.W.2d 679, 682 (N.D.1984). If the contract is ambiguous, extrinsic evidence can be considered to clarify the intent of the parties. *Thompson v. Thompson,* 391 N.W.2d 608, 610 (N.D. 1986).

There is no doubt, and the parties do not contest, that the $100,000 note is secured. The $100,000 note, in relevant part, provides as follows:

"Security: I am giving a security interest in:

[X] (brief description of other property)

Real Estate mortgage

"Security—To secure the payment of the note total ...

(4)[X] If checked, this note is secured by a separate <u>Real estate Mortgage</u> dated <u>October 26, 1983</u>"

With regard to the $65,000 note, there is no similar expression of security. Instead, the section which states that "I am giving a security interest in:", is left blank with no description of security and no check mark indicating any security. This is followed by the second section which provides:

"Security—To secure the payment of the note total ...

(3) [X]  If checked this note is not further secured.

(4) [ ]  If checked this note is secured by a separate _____ dated _____."

On the face of these notes we can discern no ambiguity. The $100,000 note plainly states that it is secured by a real estate mortgage, and the $65,000 note plainly indicates it is unsecured. The mortgage itself expressly states that it secures $100,000 of indebtedness. It also provides that all future advances to the borrower are to be secured by the mortgage "when evidenced by promissory notes stating that said notes are secured hereby." Pursuant to this mortgage provision, the $100,000 note was expressly designated as being secured by the mortgage. The $65,000 note was not so designated. We conclude that there is no ambiguity and thus extrinsic evidence of the parties' intent is not permissible. Therefore, the trial court did not err in granting summary judgment against Pius.

### 2. Albinus' Appeal

In his motion for reconsideration, Albinus pointed out to the trial court that if the $65,000 note was in fact unsecured, there remained disputed issues of material fact concerning the authority of Pius to obligate the partnership to pay unsecured notes. Albinus relied on the partnership agreement and course of dealing of the parties, as well as North Dakota law, in particular, NDCC § 45–06–01, which governs the relationship of the partner as an agent of the partnership.

Whether the partnership agreement restricts Pius' authority and if so, to what extent the restriction is binding upon the parties in this case, are factual questions. *See United Bank of Bismarck v. Glatt,* 420 N.W.2d 743, 747 (N.D.1988). Giving Albinus the benefit of all favorable inferences to be reasonably drawn from the record, we hold that there exist material issues of disputed fact and we reverse summary judgment against Albinus and the partnership.

In accordance with this opinion, summary judgment against Pius is affirmed; summary judgment against Albinus and the partnership is reversed and the case is remanded for further proceedings.

ERICKSTAD, C.J., and GIERKE, VANDE WALLE and MESCHKE, JJ., concur.