MISSOURI VALLEY PERFORATING, INC., a North Dakota corporation, Plaintiff and Appellee,

v.

McDONALD INVESTMENT CORPORATION, Defendant and Appellant.

Civ. No. 880367.

Supreme Court of North Dakota.

May 17, 1989.

Harms & Leier, Ltd., Williston, for defendant and appellant; submitted on brief filed by Patrick F. Leier.

Bjella, Neff, Rathert, Wahl & Eiken, P.C., Williston, for plaintiff and appellee; submitted on brief filed by Paul W. Jacobson, Williston.

LEVINE, Justice.

McDonald Investment Corporation (McDonald) appeals from a summary judgment in favor of Missouri Valley Perforating, Inc. (Missouri Valley). We reverse and remand.

Missouri Valley brought a collection action against McDonald for services performed on oil wells for McDonald in 1983 and 1984. Documents, entitled "service orders," identify McDonald as the company for whom the work was performed, and are signed by Ken Cole, confirming that the work was completed. On five of the seven service orders, Ken Cole's signature grants permission to commence work. McDonald admitted that Missouri Valley "performed services for Defendant at various times and in various amounts," but denied owing Missouri Valley the money.

Missouri Valley moved for summary judgment alleging that "there are no facts in dispute, the work was done, the charges were reasonable and customary in the industry and defendant failed to pay for the contracted work." Missouri Valley relied on invoices describing the work performed and an affidavit of the president of Missouri Valley attesting that the work was performed for McDonald, that McDonald had agreed to the work performed, and the charges were reasonable and customary.

The trial court granted summary judgment in favor of Missouri Valley concluding that "[e]ven if some factual dispute exists, summary adjudication remains appropriate in a case where the law is such that resolution of any factual dispute will not change the results [citing *Mattheis v. City of Hazen*, 421 N.W.2d 476 (N.D. 1988)]. Such appears to be the situation in the captioned action." McDonald appealed.

Summary judgment, Rule 56, NDRCivP, is available to promptly and expeditiously dispose of a controversy without trial only where there is no dispute as to either the material facts or inferences to be drawn from the undisputed facts, or whenever only a question of law is involved. *First National Bank & Trust Co. of Williston v. Scherr*, 435 N.W.2d 704, 706 (N.D.1989). On appeal from a summary judgment, we view the evidence in light most favorable to the party against whom the summary judgment was granted. *Id.*

McDonald contends that there are material factual disputes that preclude summary judgment. Missouri Valley asserts that because there is no dispute that the work was performed and the charges were reasonable and customary, it is entitled, as a matter of law, to the reasonable value of its services under the doctrine of quantum meruit.

Quantum meruit is an equitable action, *Podoll v. Brady*, 423 N.W.2d 151, 153 (N.D.1988), in which the law implies a promise to pay for the reasonable value of the services furnished. *See Bergquist-Walker Real Estate, Inc. v. William Clairmont, Inc.*, 333 N.W.2d 414, 420 (N.D.1983); *Allied Realty, Inc. v. Boyer*, 302 N.W.2d 774, 779 (N.D.1981). A prerequisite to liability based on quantum meruit is "the acceptance of benefits by the one sought to be charged, rendered under such circumstances as reasonably to notify him

that the one performing such services was expecting to be paid compensation therefor." *Bismarck Hospital Ass'n v. Burleigh County,* 146 N.W.2d 887, 893 (N.D. 1966).

Ordinarily, entitlement under quantum meruit is fact-dependent. *See Schoonover v. Morton County,* 267 N.W.2d 819, 822 (N.D.1978); *Super v. Abdelazim,* 108 A.D. 2d 1040, 485 N.Y.S.2d 612, 614 (1985). Only when the evidence is such that reasonable minds could draw but one conclusion does the question of fact become a question of law, and summary judgment may be appropriate. *Burlington Northern R. Co., Inc. v. Scheid,* 398 N.W.2d 114, 117 (N.D.1986).

There is no dispute that Ken Cole signed the service orders and therefore had notice and knowledge of services performed by Missouri Valley. However, whether notice and knowledge are imputed to McDonald depends on whether Ken Cole is an agent of the corporation. *See Schock v. Ocker Ins. Corp.,* 248 N.W.2d 786, 790 (N.D.1976); *Bismarck Hospital Ass'n, supra* at 894; NDCC § 3–03–05 (both principal and agent are deemed to have notice of whatever either has notice). The existence of an agency relationship is ordinarily a question of fact. *Belgarde v. Rosenau,* 388 N.W.2d 129, 130 (N.D.1986).

■ In his affidavit resisting Missouri Valley's motion for summary judgment, the president of McDonald, Richard McDonald, acknowledged that Ken Cole signed the service orders, but denied that he knew Cole and denied that the corporation was liable because neither he nor the corporation authorized or approved the services performed by Missouri Valley. Viewed in a light most favorable to McDonald, this evidence raised a disputed issue of material fact about the relationship of Cole with the corporation. If Cole was not an agent, his notice and knowledge may not be imputed to the corporation.

■ Further, whether the amount claimed is reasonable is also a question of fact. *See Hoops v. Selid,* 379 N.W.2d 270, 272 (N.D.1985); *Schoonover, supra.* Richard McDonald disputed the reasonableness of the charges, thereby raising a material question of fact.

Accordingly, summary judgment is reversed and the case is remanded for further proceedings.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.