Bob P. **SCHMIDT**, Plaintiff and Appellant,

v.

**FIRST NATIONAL BANK AND TRUST COMPANY**, Defendant and Appellee.

Civ. 890221.

Supreme Court of North Dakota.

March 27, 1990.

Rauleigh D. Robinson (argued), Bismarck, for plaintiff and appellant.

Wheeler Wolf, and Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendant and appellee; argued by John M. Olson.

GIERKE, Justice.

Bob Schmidt appeals from a summary judgment dismissing his action for damages against First National Bank and Trust Company (First Bank). We affirm in part, reverse in part, and remand.

Schmidt is a real estate agent in Bismarck. In June 1986 First Bank was seeking a buyer for the Northbrook Shopping Center, a property owned by First Bank. First Bank contacted a number of realtors, including Schmidt, about finding a buyer to purchase the property. First Bank did not enter a written listing agreement with Schmidt, but there was an oral understanding that Schmidt would receive a commission if he found a buyer and consummated a sale of the property.

Through Schmidt's efforts a group of investors, Winfield Development, submitted to First Bank a written option, to be exercised within 100 days, to purchase the property for $800,000. The option was dated September 8, 1986, and was submitted to First Bank with a check for $10,000 as earnest money. First Bank cashed this check and placed the $10,000 in its operating account. First Bank did not, however, sign the written option agreement.

Another group of investors, Brook Associates, submitted to First Bank a written offer, dated September 9, 1986, to purchase the property for $900,000. This offer was also accompanied by a check in the amount of $10,000 as earnest money, which was accepted by First Bank and deposited into its operating account. First Bank signed Brook Associates' purchase agreement. On September 12, 1986, First Bank returned the $10,000 earnest money to Winfield Development. On April 8, 1987, the property was transferred to Brook Associates.

Schmidt then filed this action for damages against First Bank, asserting two alternate theories of recovery. In his first cause of action Schmidt alleges that he earned a commission when First Bank accepted Winfield Development's earnest money, and that First Bank breached the oral listing agreement when it refused to pay him the commission. He seeks $48,000, representing a 6% commission on the purchase price offered by Winfield Development, plus interest. In his second cause of action Schmidt asserts that his services in securing Winfield Development's offer enabled First Bank to secure an offer from Brook Associates, to whom the property was ultimately sold. Schmidt asserts that under a theory of quantum meruit he is entitled to receive the reasonable value of the services he rendered in the amount of $54,000, representing a 6% commission on the sale price paid by Brook Associates, plus interest.

Prior to the trial, First Bank moved for a summary judgment of dismissal. The district court, concluding that as matter of law Schmidt had not earned a commission under the oral listing agreement and was not entitled to quantum meruit relief, granted First Bank's motion and entered summary judgment dismissing the case. Schmidt then filed this appeal.

Summary judgment is a procedural device available for the prompt disposition of controversies without the necessity of a trial when there is no genuine dispute as to the material facts or the inferences to be drawn from undisputed facts. *Ostlund Chemical Co. v. Norwest Bank*, 417 N.W.2d 833 (N.D.1988). The party moving for a summary judgment has the burden to demonstrate that there is no genuine issue of material fact. *Latendresse v. Latendresse*, 294 N.W.2d 742 (N.D.1980). In considering a motion for summary judgment the court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn therefrom.

*Benjamin v. Benjamin,* 439 N.W.2d 527 (N.D.1989). In an appeal from a summary judgment this court must determine whether the information available to the trial court, when viewed in a light most favorable to the party opposing summary judgment, precludes the existence of a genuine issue as to any material fact and entitles the moving party to summary judgment as a matter of law. *David v. Merrill Lynch, et al.,* 440 N.W.2d 269 (N.D.1989).

This court has previously set forth the law relevant to a real estate broker's right to recover compensation for his services:

> "A broker, in order to recover the compensation called for by his contract of employment, must procure a person who is ready, willing, and able to purchase on terms set forth in the listing agreement. Where any material and essential matters are omitted from the listing agreement, the prospective buyer must agree to the terms and conditions of the seller as to such essential matters. When a buyer is produced who agrees to the seller's terms, however, the fact that the owner thereafter refuses to complete the sale will not deprive the broker of his right to compensation. Actual sale of the property, therefore, is not necessary for the broker to recover his commission." *Schneider v. Martin,* 136 N.W.2d 153, 154 (N.D.1965).

*See also Goetz v. Anderson,* 274 N.W.2d 175 (N.D.1978).

■ For purposes of this summary judgment motion, Schmidt has produced evidence that an oral agreement existed between the parties that Schmidt would receive a commission if he found a buyer for the Northbrook Shopping Center and consummated a sale.[1] Schmidt found a buyer for the property who submitted a written option offer, to which First Bank responded by accepting a $10,000 earnest money payment and depositing it in the Bank's operating account. We believe that these facts raise a genuine issue as to whether Schmidt found a buyer upon terms acceptable to the seller and thereby earned his commission.

The district court concluded that, as a matter of law, the option was never accepted by First Bank because the earnest money was returned within the "5-day period provided by the option." In concluding that First Bank had five days to return the earnest money after accepting it, the trial court has misconstrued the option contract, which provides in relevant part:

> "I (We) hereby offer to purchase the property herein described in its present condition for the price and on the terms and conditions set forth above and grant to the agent 5 days hereafter to secure owner's acceptance hereof, during which period my (our) offer shall not be subject to revocation."

The foregoing provision is unambiguous. It gives the real estate agent five days to secure the owner's acceptance, during which time the offer cannot be revoked. The provision does not attempt to give the seller five days, or any other amount of time, to revoke its acceptance of the offer.

■ First Bank also asserts that, as a matter of law, Schmidt did not earn a commission because Winfield Development's offer was only an option to purchase and the option was never exercised. The general rule of law is that a broker who is employed to find a purchaser is not entitled to a commission upon finding a party to take an option on the owner's property until the optionee exercises the option and completes the sale. *See* Annot., 32 A.L. R.3d 321 (1970). However, one qualification of the general rule is that a real estate agent is entitled to recover a commission when the optionee is prevented from exercising the option by the refusal of the owner to comply with his part of the agree-

---

**1.** Pursuant to Section 43–23–11.1(1)(q), N.D. C.C., the North Dakota Real Estate Commission has the power to suspend or revoke a license, impose a monetary fine, issue a letter of reprimand, or a combination of the foregoing, when a licensee violates a provision of the realtor's code of ethics. The code of ethics, as promulgated by the Commission, requires all listing agreements to be in writing and to contain all terms under which the property is to be sold, including the commission to be paid. Sections 70–02–03–04 and 05, N.D.Admin.Code. These provisions were not cited by either party and they are not at issue in this appeal.

ment. *See, e.g., Kahle v. Kostiner*, 85 Nev. 355, 455 P.2d 42 (1969); *see also* Annot., 32 A.L.R.3d 321, 339–341 (1970).

Viewing all of the information before the trial court on the motion for summary judgment in a light most favorable to Schmidt, we believe that Schmidt has raised a genuine issue of material fact whether he found a buyer upon terms acceptable to First Bank entitling him to receive a commission. Consequently, we conclude that the trial court erred in dismissing Schmidt's breach of contract action.

As an alternative theory for recovery, Schmidt asserts that under the doctrine of quantum meruit he is entitled to receive the reasonable value of the services he rendered to First Bank. More specifically, Schmidt argues that First Bank utilized Winfield Development's offer, which was procured through Schmidt's efforts, to entice Brook Associates to submit its purchase offer which was ultimately accepted by First Bank.

█ Quantum meruit is an equitable action in which the law implies a promise to pay for the reasonable value of services furnished. *Missouri Valley Perforating, Inc. v. McDonald Investment Corp.*, 439 N.W.2d 812 (N.D.1989). A prerequisite to liability based on quantum meruit is the acceptance of benefits by one under circumstances which reasonably notify the recipient that the party performing such services expected compensation therefore. *Bismarck Hospital Association v. Burleigh County*, 146 N.W.2d 887 (N.D.1966). Ordinarily, the right to recover under a theory of quantum meruit is fact dependent. *Missouri Valley, supra.* Only when the evidence is such that reasoning minds could draw but one conclusion does the fact question become a question of law for which summary judgment may be appropriate. *Burlington Northern R.R. Co., Inc. v. Scheid*, 398 N.W.2d 114 (N.D.1986).

Schmidt asserts that he had an oral agreement with First Bank that he would receive a commission if he found a buyer for the property. To receive compensation under that agreement Schmidt, as a real estate broker, was required to procure a ready, willing and able purchaser on terms acceptable to First Bank. Whether Schmidt met those requirements to receive compensation is a question of fact which must be decided in a trial of Schmidt's breach of contract action. However, it is unreasonable for Schmidt to claim that he is entitled to compensation for his efforts if they do not meet the contractual requirements.

This court has previously held that a broker is entitled to recover the commission under his contract only if he procures a ready, willing and able buyer on terms acceptable to the seller. *Schneider, supra.* The courts would be opening a Pandora's box of nonmeritorious claims if a real estate agent were allowed to seek quantum meruit recovery when the agent failed to earn a commission under the terms of his contractual agreement. Schmidt was entitled to recover, if at all, only by meeting the conditions of his oral contract. He cannot rely on quantum meruit to receive compensation, if he failed to do what his contract required of him. We agree with the trial court that under these circumstances Schmidt, as a matter of law, is not entitled to recover under a theory of quantum meruit.

Summary judgment of dismissal is affirmed in part, reversed in part, and the case is remanded for a trial on the merits of Schmidt's breach of contract action.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.